NELLIE DERR, APPELLEE, V. W. S. GUNNELL ET AL., APPELLANTS.

FILED OCTOBER 19, 1934. No. 29009.

D. F. Simmons, J. F. Fults and Perry, Van Pelt & Marti, for appellants.

Cordeal, Colfer & Russell, contra.

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Redick, District Judge.

Rose, J.

This is an action to recover $300 which plaintiff, Nellie Derr, alleged she deposited with W. S. Gunnell, one of the defendants, to indemnify him against loss as obligor on a bond in that sum for John Derr's appearance in court to answer a criminal charge.

John Derr, son of plaintiff, appeared in court pursuant to the bond, was tried, convicted and sentenced. His defense was conducted by his attorneys, John Stevens and Wade Stevens, partners, who, with Gunnell, are defendants herein. Gunnell cashed a 300-dollar draft payable to and indorsed by plaintiff and turned the proceeds over to John Stevens.

The petition is lengthy, but alleges in substance that Gunnell agreed to return the deposit of $300 to plaintiff upon termination of his liability on the bond and that he refused to do so for the reason he had delivered the deposit to Stevens and Stevens who also refused upon demand to return it and appropriated it to their own use.

In an answer to the petition Gunnell pleaded that he signed the bond at the request of John Stevens, who furnished the 300-dollar draft as indemnity; that, after liability on the bond terminated, Gunnell cashed the draft and returned $300 to John Stevens at the latter's request; that the entire transaction was between John Stevens and Gunnell and that the latter never at any time received any cash or other thing of value from plaintiff and never had any transaction of any kind with her.

The answer of Stevens and Stevens contained pleas that they procured the bond for John Derr, told his parents, plaintiff and William Derr, the fee for defending their son would be $300; that the parents afterward employed Stevens and Stevens to defend their son for

a fee of $300, the father at the time giving John Stevens a draft for $300, without any agreement to return it or the proceeds thereof to any one; that the attorneys defended plaintiff's son at the trial and afterward retained $278.12 from the proceeds of the draft and returned to the parents $21.88 already paid on attorneys' fees, but the latter sum was rejected and later tendered into court; that plaintiff was estopped by conduct specifically pleaded to deny her employment of Stevens and Stevens who acquired an attorneys' lien on any funds in their hands belonging to her. The replies to the answers were general denials.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $296.81. From a judgment therefor defendants appealed.

Defendants assail the instructions as erroneous and prejudicial on the ground that the issues were not properly submitted to the jury. Though defendants pleaded, and adduced evidence tending to prove, that the draft was given by William Derr to John Stevens without any promise to return it or the proceeds thereof and that the attorneys had a lien thereon for fees, the trial court, in the instruction on the issues, said to the jury:

"Further answering, the defendants Stevens allege that they never at any time have asserted ownership of the draft given to John Stevens by William Derr or the ownership of the proceeds thereof until after the defendants had completed their part in said transaction."

This part of the instruction is at variance with the answer of Stevens and Stevens and with evidence adduced by them. In addition, the defenses of estoppel and of attorneys' lien were entirely omitted from the instruction purporting to state the issues. Employment of the attorneys by plaintiff was an issue with evidence on both sides. Details of an estoppel by plaintiff to deny the employment were pleaded and supported by proof. The claim of the attorneys to the fund in their hands by virtue of a lien was also pleaded and supported by

evidence. These defenses were entirely omitted from the instruction on the issues.

The law is that it is the duty of the trial court to properly submit to the jury the issues presented by the pleadings and the evidence, though not requested to do so. *Blue Valley State Bank v. Milburn,* 120 Neb. 421.

Plaintiff's argument on the errors in the instruction on issues is directed to the points that an exception thereto was not noted on the record and that the instruction was not prejudicial. The law formerly required such an exception for the purposes of an appeal, but a statute changed the rule. An instruction to which no exception is noted on the record when given may be reviewed on appeal. Comp. St. 1929, sec. 20-1139.

The errors pointed out deprived defendants of substantial rights. Issues presented by the pleadings and evidence as defenses were not submitted to the jury. Except for the errors on the face of the record the verdict may have been in favor of defendants. There is no substantial ground for considering the errors harmless. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.