RUTH BALLANTYNE, APPELLANT, V. ROLAND PARRIOTT, APPELLEE.

109 N. W. 2d 164

Filed May 12, 1961. No. 34948.

*Frederick M. Deutsch* and *William I. Hagen,* for appellant.

*Jewell & Otte,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an automobile damage suit for personal injuries growing out of an intersection collision. The jury returned a verdict aganst each party on his affirmative demands. Plaintiff appeals.

Plaintiff alleges four assignments of error. The first two assignments of error, that the verdict is contrary to the evidence and that the verdict is not sustained by the evidence, are not discussed in the brief, and in accordance with rule 8a2(4), of the Revised Rules of the Supreme Court, 1960, will not be noticed herein.

The third assignment of error is substantially that the court did not instruct the jury on the plaintiff's theory of the case, but gave the ordinary right-of-way instruction to the effect that the defendant had the directional right-of-way notwithstanding the "Yield Right of Way" sign, and, in effect, instructed as though the "Yield Right of Way" sign was nugatory except as a warning.

Plaintiff tendered three instructions relative to the issue. They are as follows: "You are instructed that the

plaintiff was warranted in taking into consideration the traffic sign at the southeast corner of the intersection in determining her movement into the intersection.

"You are instructed that the defendant was required to give such effect to the traffic sign that a reasonable and prudent person would give to it under the circumstances.

" 'Slow', 'School', 'Yield the Right-of-way', and similar traffic signs are erected as warnings although not controlling on the right-of-way and a motorist is required to give such regard thereto as a reasonable and prudent person would give under the circumstances."

The district court gave the tendered instructions in exactly the same language as tendered except for the language "You are instructed that" in the first two. This language, however, was used at the start of the instructions.

It is obvious that the tendered instructions adopted the theory, right or wrong, that a "Yield Right of Way" sign was merely a warning and was not controlling on the right-of-way. This then became plaintiff's theory of the case. The court adopted that theory and the plaintiff is now estopped to complain.

It is the law of this jurisdiction that it is the duty of the trial court to correctly instruct on the issues reflected by the pleadings. However, a trial court is entitled to assume that tendered instructions express the theory of the party tendering them on the point involved.

A party requesting instructions on a certain theory cannot be heard to complain on appeal that the trial court gave other instructions on the same theory. O'Dell v. Goodsell, 152 Neb. 290, 41 N. W. 2d 123.

"When a theory on any issue is relied upon by a party at the trial as the proper one, it will be adhered to on appeal without regard to its correctness." Sorter v. Citizens Fund Mutual Fire Ins. Co., 151 Neb. 686, 39 N. W. 2d 276.

We regard it as a sound principle, as well as a salutary one, that a party cannot be heard to complain of an error which he himself has been instrumental in bringing about. Missouri P. Ry. Co. v. Fox, 60 Neb. 531, 83 N. W. 744.

The fourth assignment of error is that the court erred in giving instruction No. 2, which is as follows: "This case grows out of a collision between automobiles operated by the respective parties. Plaintiff claims that on the 23rd day of August, 1959, she was driving an automobile in an easterly direction along Madison Avenue within the City of Norfolk; that defendant was driving his automobile in a northerly direction along Seventeenth Street within said city; that a 'Yield' sign was located against traffic entering said intersection from the south; that both streets were paved; that plaintiff was operating her automobile in a reasonable and careful manner at the rate of speed approximating 20 miles per hour; that without slowing down, stopping or otherwise regarding said yield sign, defendant struck the automobile driven by plaintiff in the center of the right side, causing the same to upset and turn over; that the proximate cause of said collision was the negligence of the defendant in driving at a high and excessive rate of speed, in failing to maintain a proper lookout, in failing to yield the right-of-way to plaintiff, and in failing to obey said yield sign.

"Plaintiff further says that as a result of said collission (sic) she was injured and shocked and suffered excruciating pain, all of said injuries being permanent; that she was damaged thereby in the sum of $25,000.00, for which amount she prays judgment against defendant.

"Defendant admits that the collision occurred between the automobiles of the parties hereto at the place and on the date set forth in the petition.

"He denies that he was in any way negligent in the operation of his said automobile.

"Defendant says that the automobile of defendant approached and entered said intersection before the automobile operated by plaintiff approached and entered the same; that said accident was caused solely and proximately by the negligence of plaintiff in failing to yield the right-of-way to defendant, in failing to maintain a proper lookout, in failing to have her automobile under control, in traveling at a high and excessive rate of speed, and in failing to apply her brakes or turn her automobile to avoid said collision.

"He asks that plaintiff's cause of action be dismissed, and that he recover the sum of $350.00 on his cause of action."

Defendant's answer and cross-petition alleged that the "Yield Right of Way" sign was unauthorized, invalid, void, and without effect.

Plaintiff, in her answer and reply, alleged as follows: "3. That the 'yield sign' referred to in said petition and cross-petition was duly erected and maintained by the City of Norfolk according to law; that said sign was plain, open and obvious to said defendant; that said defendant wholly disregarded the warning extended by said sign; that said Ruth Ballantyne, prior to said accident, knew that such signs had been erected against traffic entering into said Madison Avenue from Seventeenth Street and from other cross streets into said Madison Avenue, relied thereon and had a right to rely thereon, and pursuant thereto assumed and had the right to assume that any motorist approaching said intersection would yield and accord the right-of-way at said intersection to traffic on said Seventeenth Street."

Plaintiff alleges that instruction No. 2 is erroneous because it did not incorporate the above paragraph from the plaintiff's answer and reply.

The defendant attempted to urge the invalidity of the yield sign by a motion to strike, a motion to omit all reference to it at the trial, and by objections at the trial. In each instance defendant's motions and objections

were overruled. Defendant did not attempt to introduce any proof that the "Yield Right of Way" sign was void or unauthorized. The case was tried upon the theory of the plaintiff that the yield sign was valid. The plaintiff was permitted to testify that she was conscious of the sign and relied upon it. Defendant was cross-examined about the sign and admitted he did not see it and consequently paid no attention to it. The question of the validity of the sign was not an issue submitted to the jury and plaintiff's assignment of error is without merit.

For the reasons given we find that the judgment of the district court should be affirmed.

AFFIRMED.

YEAGER, J., not participating.