LUELLA STEVENS, APPELLANT, V. COUNTY OF DAWSON,
STATE OF NEBRASKA, APPELLEE.

111 N. W. 2d 223

Filed October 20, 1961. No. 34995.

*William S. Padley,* for appellant.

*William A. Stewart, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action against Dawson County, Nebraska, for damages caused by a defective bridge and is a companion case to case No. 34994, Stevens v. County of Dawson, *ante* p. 585, 111 N. W. 2d 220. Luella Stevens, the appellant, was the plaintiff in the court below and is the wife of Edward Stevens. The plaintiff was a passenger in the truck operated by her husband and was injured when the truck collided with the embankment at the south end of a bridge which had partially collapsed.

By stipulation this case and case No. 34994 were consolidated for trial. Both cases were submitted to the jury upon one set of instructions. The jury returned a verdict for the county. The plaintiff's motion for new trial was overruled and she has appealed.

The plaintiff's assignments of error are that the verdict is contrary to the evidence and the law; that the court erred in submitting the issue of the negligence of Edward Stevens to the jury; and that the instructions were conflicting and contradictory.

There is but one bill of exceptions in this case and

case No. 34994. The facts and evidence necessary to the decision in this case are stated in the opinion in case No. 34994 and will not be repeated here. For the reasons stated in Stevens v. County of Dawson, *supra,* we conclude that the verdict in this case is not contrary to the evidence and the law and the assignment of error to that effect is not sustained.

The plaintiff contends that the trial court erred in submitting to the jury the question of whether the negligence of Edward Stevens was the sole proximate cause of the accident. On the second day of the trial the plaintiff filed a list of nine instructions to be submitted to the jury. Six of the requested instructions related to the rules of the road and the standard of care required of the driver, Edward Stevens. The plaintiff did not withdraw any of the requested instructions and did not request that the issue of the negligence of Edward Stevens, if any, be withdrawn from the jury. The case was tried upon the theory that the negligence of Edward Stevens was an issue to be submitted to the jury. A party requesting instructions on a certain theory cannot be heard to complain on appeal that the trial court gave other instructions on the same theory. Ballantyne v. Parriott, *ante* p. 215, 109 N. W. 2d 164. The plaintiff cannot now complain that the trial court erred in submitting the issue of the negligence of Edward Stevens to the jury.

The plaintiff contends that instruction No. 19 given by the trial court was erroneous in that it contradicted instruction No. 12. Instruction No. 12 related to the burden of proof of the plaintiff and advised the jury that before the plaintiff could recover she must prove by preponderance of the evidence, among other things, that the proximate cause of her injuries and damages was the negligence of the defendant or the concurring negligence of the defendant and Edward Stevens. Instruction No. 19 related to the measure of damage and advised the jury that the plaintiff could recover the damages shown

to be "the natural and proximate consequences of the negligence of the defendant proven." When instruction No. 19 is considered together with the other instructions given it does not appear that it was erroneous. By instruction No. 13 the court advised the jury that the negligence of Edward Stevens could not be imputed to the plaintiff, and that she could not recover if the sole proximate cause of the accident was the negligence of Edward Stevens. Instructions must be construed together, and if, when construed as a whole they properly state the law, they are sufficient. Pearson v. Schuler, *ante* p. 353, 109 N. W. 2d 537.

There being no prejudicial error, the judgment of the district court is affirmed.

AFFIRMED.