DOROTHY K. MUSTARD, APPELLEE, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, A CORPORATION, APPELLANT.

157 N. W. 2d 865

Filed April 5, 1968. No. 36760.

Wagoner & Grimminger, for appellant.

Philip T. Morgan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

Plaintiff recovered a jury verdict and judgment for $5,000 as beneficiary of a policy insuring against accidental death. Defendant, asserting suicide by the deceased insured, appeals. We affirm the judgment.

Defendant assigns error in the district court's failing to direct a verdict because of the insufficiency of the evidence.

Deceased insured was killed by the engine of a nonscheduled freight train while he was standing or walking in the middle of the railroad track crossing running through the town of Clarks, Nebraska. The incident occurred about 4:30 p.m. on May 3, 1965, a clear, dry day. The tracks run east and west; the road north and south. Deceased was an elderly man who used a cane, had driven his car to Clarks on the day of his death, and had visited his doctor who gave him some medication for a chronic stomach discomfort. There is no testimony by the doctor, or any other witnesses, that furnishes any evidence of depression, mental instability or illness, or any serious physical illness. The deceased's sight and hearing were normal. Other than the use of the cane, he had no difficulty in movement. He visited the doctor numerous times. The doctor testified that on the day of his death "He didn't act any different than he had any other time. Perfectly—about the same as he had always. He came in very unruffled and got his medicine and went out." The deceased's car had been stalling and at times had to be pushed. He drove the car to the crossing and at the time of his death it was stalled with the hood up south of the tracks at the crossing. The train was unscheduled, he did not know it was coming, and his car was parked there before the train could have become visible to him. Several witnesses testified that he was walking slowly south toward his parked car when he was hit as he crossed the tracks. The engineer testified that the train was unscheduled; that it was going east at about 55 miles per hour; that he first saw the deceased when the

train was about 2 blocks west of the crossing; that the deceased walked to the center of the tracks and turned his back; that he blew the train whistle; and that the deceased *never moved* until the engine was within two car lengths when he turned sideways and looked south and "glanced up." He testified that between 15 and 20 seconds elapsed between his first observation and the impact. The brakeman testified substantially to the same effect and that the deceased "stood" on the tracks. However, the brakeman told the county attorney at the time of the death that the decedent was coming from the north toward the car, thus corroborating the plaintiff's witnesses.

Disregarding any presumption of accidental death, the evidence clearly supports the inference of accidental, nonsuicidal death. The walking movement to the south infers a normal action, either knowingly to get out of the path of the train, or simply to return to the stalled car. The inference of suicide rests primarily on the engineer's evidence that he "stood" in the middle of the tracks with knowledge of the approaching train. The evidence is conflicting and contrary to the presumption that the decedent's acts were nonsuicidal in purpose. A jury could infer from the engineer's testimony, considering speed and feet per second, reaction time, time distance of the sound, and that the blowing of the whistle would only give the deceased warning for 3 or 4 seconds, which is contrary to the engineer's own estimate of 15 to 20 seconds. Unexplained nonsuicidal railroad crossing deaths at familiar crossings are quite common. The deceased may have been old, slow moving, nonperceptive, and negligent, but not conclusively suicidal. Bolstering this conclusion is an entire absence in the record of any evidence showing any conditions of environment or health that would lead to even a suspicion of suicide.

The evidence in this case clearly comes within the applicable rule that where evidence is conflicting or where reasonable minds may draw different inferences or con-

clusions from it, it is within the province of the jury to decide the issues of fact and this court may not set aside or direct a verdict in such a situation. Mills v. Bauer, 180 Neb. 411, 143 N. W. 2d 270; Countryman v. Ronspies, 180 Neb. 76, 141 N. W. 2d 425.

Defendant assigns as error the giving of instruction No. 4. It reads as follows: "You are instructed that the burden of proof is upon the plaintiff to prove the material allegation of her petition by a preponderance of the evidence before she may recover. This material allegation is that the decedent, Earl A. Mustard, met his death by accidental means on May 3, 1965, in Clarks, Merrick County, Nebraska. If you find that the plaintiff has proved this material allegation of her petition by a preponderance of the evidence, you will find for the plaintiff. If, however, you find that the evidence bearing upon such material allegation of the petition is evenly balanced or preponderates in favor of the defendant, then the plaintiff cannot recover, and your verdict should be for the defendant."

The defendant asserts that its evidence clearly rebutted the presumption against suicide, the presumption therefore disappeared, and the plaintiff's burden therefore was to establish accidental death unaided by the presumption. Haith v. Prudential Ins. Co., 171 Neb. 281, 106 N. W. 2d 169. The instruction given above, if anything, was error in favor of the defendant of which it may not complain. The court did not precisely fix the point where the presumption disappeared and the plaintiff's burden began, because he placed the full burden of proof on the plaintiff at all times and all points, unaided by any presumption. In fact the record reveals that the court submitted this case to the jury without at any time giving the plaintiff the aid of any presumption. There is no merit to this contention.

Defendant complains of instruction No. 8, defining "accidental," asserting it is contrary to our definition in Railway O. & E. Assn. v. Drummond, 56 Neb. 235, 76

N. W. 562. The reasons for such claimed nonconformity are not elucidated and we cannot find one. The instruction given reads: "Suicide is the intentional taking of one's own life. A death may be said to be accidental when it occurs without the expectation of the person affected, and is to be distinguished from one deliberately taking one's own life." This instruction was correct and there is no merit to this contention. See Walden v. Bankers Life Assn., 89 Neb. 546, 131 N. W. 962.

The judgment of the district court is affirmed and plaintiff is allowed an attorney's fee of $500 in this court. § 44-359, R. R. S. 1943.

AFFIRMED.