JOHN G. BEVERIDGE ET AL., APPELLEES, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

160 N. W. 2d 229

Filed July 19, 1968. No. 36822.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., Gary R. Welch, Dick H. Hartsock, and Richard K. Spencer, for appellant.

Asa A. Christensen, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an eminent domain proceeding in which a small strip of land and controlled access were acquired for state highway purposes. The property fronted on the west side of U. S. Highway No. 83 in a developing commercial area. It was located south of the city of North Platte and immediately north of the South Platte River and of Interstate Highway No. 80. The jury awarded $570 for the strip taken, and $7,500 for remainder damage. The State perfected an appeal from the judgment entered on the verdict.

The State sets out nine assignments of error. Assignments of error Nos. 1, 2, and 3 complain about the content of certain of the court's instructions. Assignments of error Nos. 4, 5, 6, 7, and 8 allege the failure of the trial court to adequately instruct on certain features of the State's defense, and assignment of error No. 9 is an allegation that the alleged errors in the instructions resulted in an excessive verdict.

During the trial the court submitted the instructions to the respective counsel, and after both parties had rested visited with counsel about them. Plaintiffs' counsel made some observations on the instructions, and after discussion, the following took place: "THE COURT: Has the state any objections to the instructions as formulated? MR. WELCH: Your Honor, the state has examined the instructions prior to this, Instructions No. 1 through 10, and we have no objection to these instructions. THE COURT: Mr. Christensen, I think your comment on Instruction No. 2 is well taken, and I will, in accordance with your request, redraw No. 2 and we will meet again before you are expected to argue the case to the jury." Subsequently the following discussion took place: "THE COURT: Mr. Christensen, I have reformed Instruction No. 2 in accordance with the com-

ments that you made on it before lunch. With reference to Instruction No. 2, have you now had a chance to read the reformed version? MR. CHRISTEN-SEN: I have, Your Honor. THE COURT: Do you have any specific objection to voice to it now? MR. CHRIS-TENSEN: No. THE COURT: Have you, Mr. Welch, had a chance to read reformed Instruction No. 2? MR. WELCH: Yes, sir. THE COURT: Have you any specific objection to voice to it? MR. WELCH: I have no objection."

Without question, under our procedure it is the duty and the responsibility of the trial court to correctly instruct the jury on the issues presented by the pleadings and the evidence, whether requested to do so or not. Further, an instruction may be reviewed on appeal although no exception is noted on the record. Derr v. Gunnell, 127 Neb. 708, 256 N. W. 725. However, we have never permitted litigants to avoid the effect of action on their part which may have led the court into error, as the following quotations from Ballantyne v. Parriott, 172 Neb. 215, 109 N. W. 2d 164, will demonstrate: "* * * a trial court is entitled to assume that, tendered instructions express the theory of the party tendering them on the point involved. * * *

"We regard it as a sound principle, as well as a salutary one, that a party cannot be heard to complain of an error which he himself has been instrumental in bringing about."

The situation herein is not too much different on the point involved from Baylor v. Tyrrell, 177 Neb. 812, 131 N. W. 2d 393, in which we said: "The court's instruction in this respect was in strict conformity with the legal definition of 'material allegation' as defined by the statute. The argument is ingenious that it could have misled the jury. But, if the defendant desired clarification, he should have called the court's attention to it by requesting a detailed instruction. Assuming, arguendo, that the instruction was not sufficiently specific in this

respect, it is the duty of counsel to offer requests to supply an omission, and unless this is done, the judgment will not be reversed for such defects. Graves v. Bednar, 171 Neb. 499, 107 N. W. 2d 12; Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751 (citing cases). In this case, the counsel for the defendant not only did not offer an instruction to supply the alleged 'omission' but when the court asked him if the instruction No. 3 was 'all right the way it is,' defendant's counsel responded, 'Yes.' "

Counsel for the State was given the opportunity and a reasonable time to examine and inspect the proposed instructions. He did so. Our law did not require him either to approve or disapprove the instructions. He was under no compulsion to do so in this instance. By telling the court, however: "Your Honor, the state has examined the instructions prior to this, Instructions No. 1 through 10, and we have no objection to these instructions," he elected to do so. After expressing his approval of the instructions, he should not be permitted to change his mind after an adverse verdict and object to the instructions he has specifically approved.

There is no question the trial court would have given full consideration to amplifying the instructions if any request had been made by the State. The purpose of submitting them to the parties was to give the parties an opportunity to suggest any modifications to the court. We repeat, however, the primary responsibility for instructions is with the trial court and the parties cannot be required to approve them previous to their submission. Where, however, the parties elect to do so, they ordinarily thereafter cannot avoid the effect of their failure to point out defects.

The verdict, while generous, was within the limits of the evidence, and we cannot say on the record herein that it was excessive.

For the reasons given, the judgment is affirmed.

AFFIRMED.

WHITE, C. J., BOSLAUGH, SMITH, and McCOWN, JJ., concurring.

It is the duty and responsibility of the trial court to correctly instruct the jury on the issues presented by the pleadings and the evidence, whether requested to do so or not. It is the duty of counsel to assist the trial court by stating, upon inquiry, any specific objection that counsel may have to a proposed instruction.

The primary responsibility for instructions is with the trial court. But counsel cannot avoid their responsibility to the court by declining comment. The effect of the failure to object to erroneous instructions in a particular case must depend upon the seriousness of the defects, the difficulty involved in discovering the defects, and other similar factors.

To the extent that the opinion of the court implies that a different result might have obtained if counsel had refused to comment on the proposed instructions, we do not agree.