169 N.W.2d 428 (1969)
184 Neb. 570
Peter MARTINEZ, Appellant,
v.
Norman HOVELING, Appellee.
No. 37031.
Supreme Court of Nebraska.
July 11, 1969.
*429 Hal W. Bauer, Lincoln, for appellant.
Baylor, Evnen, Baylor, Urbom & Curtiss, Crosby, Pansing, Guenzel & Binning, Robert T. Grimit, Lincoln, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.
NEWTON, Justice.
Plaintiff, pleading the doctrine of res ipsa loquitur, sued to recover for personal injuries resulting from a gunshot while hunting. Defendant pleaded a general denial, contributory negligence, and assumption of risk. Verdict and judgment were entered for defendant. We affirm the judgment.
The record discloses that plaintiff, defendant, and two other men were engaged in hunting pheasants. They lined up abreast and proceeded south through a field sown to brome grass which stood 18 to 24 inches in height. A creek bed approximately 15 feet deep meandered in a southerly direction through the field. The creek area contained heavy vegetation consisting of grass, brush, trees, and hemp and other weeds as high as a man's head. Plaintiff, on the extreme right of the line, crossed a fence and walked in the adjoining field, somewhat in advance of the line formed by the other hunters who were aware of his position. The other three hunters walked in or along the meandering creek bed and at times were out of plaintiff's view. On reaching a point where the creek bed turned sharply to the left, plaintiff crossed the fence, entered the field occupied by the others, and assumed a position about 138 feet south from the creek bank and 168 feet from the fence on the right or west. There he waited for the other three hunters who were walking toward him to work through the creek bed. As defendant neared the south bank of the creek, he stepped onto a small plateau approximately 5 feet lower than the level of the field to the south. A covey of quail flushed and defendant shot one. This is the shot, aimed to the south, which injured plaintiff. On the lip of the bank and in the area between plaintiff and defendant stood brome grass 18 to 24 inches in height, clumps of other weeds about 3 feet high, and hemp weeds. Plaintiff stated he stood watching a farmer in the field to the southwest, heard a shot, turned, and saw a quail and a hunter who shot at the quail. Plaintiff was struck by pellets from the shell fired. This is substantially the evidence introduced by plaintiff. Defendant's evidence developed conflicts relating to the positions occupied by the parties at the time the accident occurred, the distances from the fence to plaintiff's station and between plaintiff and defendant, also as to whether or not the parties were in view or sight of each other at the time the shot was fired.
Plaintiff assigns as error the failure to give a tendered instruction and the giving of certain instructions submitted by the court. In regard to the latter proposition, it is noted that the court had submitted all instructions to the respective attorneys and given them ample opportunity for examination of the instructions prior to their submission to the jury. A number of objections to the proposed instructions were made by defendant's attorney. Plaintiff's attorney objected to instruction No. 4 and insisted that in lieu of this instruction, the one he had tendered be given. No other material objections were made by plaintiff's attorney although he participated in a general discussion of the proposed instructions.
In view of this situation, it is apparent that plaintiff led the court to believe the instructions were satisfactory except for failure to give the one requested. Plaintiff cannot now complain of the instructions given. See Beveridge v. State Dept. of Roads, 183 Neb. 406, 160 N.W.2d 229.
Plaintiff's requested instruction is as follows: "You are instructed that a loaded firearm is a dangerous instrumentality and when a person has a gun in his sole possession and control and it is discharged he is *430 held liable for the injuries caused thereby, unless he shows that he took all reasonable precautions to guard against accidents and that the manner of firing the weapon did not involve any careless act on his part." It was refused.
The court did instruct that in handling a loaded shotgun, defendant was "charged with the highest degree of care." It is plaintiff's position that this instruction does not "place an adequate degree of duty upon defendant." Negligence is usually defined as "doing of something which an ordinarily prudent person would not have done under the same or similar circumstances, or the failure to do something which an ordinarily prudent person would have done under the same or similar circumstances." Edmunds v. Ripley, 172 Neb. 797, 112 N.W.2d 385. The degree of care required varies with the circumstances and increases greatly when one is dealing with a dangerous instrumentality. The usual definition of negligence set out in Edmunds v. Ripley, supra, found in the court's instruction No. 5 was sufficient. The giving of a further instruction defining a gun as a dangerous instrumentality, the handling of which calls for the highest degree of care, may be regarded as surplusage. It was given because requested and was not improper. See Naegele v. Dollen, 158 Neb. 373, 63 N.W.2d 165, 42 A.L.R.2d 1099. When the burden of exercising "the highest degree of care" is placed upon a defendant, it is difficult to understand how a more "adequate degree of duty" could be imposed.
The judgment of the district court is affirmed.
Affirmed.
CARTER, Justice (dissenting).
This court holds that when a litigant has approved instructions in the trial court by word or act, he cannot thereafter effectively complain on review of the instructions given. With this statement, I am wholly in disagreement.
It has been a fundamental rule in the state that it is the duty and responsibility of the trial court to instruct the jury on the law as to all issues of fact supported by the pleadings and the evidence whether requested to do so or not. Pursuant to statute and the rules of this court, no objection to an instruction when given need be made in the record to have it reviewed in this court. Derr v. Gunnell, 127 Neb. 708, 256 N.W. 725. This has been such a basic rule that citation of authority is hardly required.
A procedure requiring legal counsel to note exceptions to instructions at or before their giving has had its advocates, particularly as a means of disposing of otherwise valid appeals. I submit, however, that it places too great a burden on the trial lawyer to make such binding decisions for his client while engaged in the pressures of jury selection, the marshaling of evidence, the examination of witnesses, the making of oral arguments, and the numerous stresses incident to a jury trial.
While it is true that many situations arise where a litigant from necessity is bound by the judgment of his attorney, the litigant should be able to rely on the wisdom and integrity of the judge and not the hurried or impulsive action of his attorney in making a proper statement of the law to the jury as applied to the facts of his case. It is not, it seems to me, too harsh a duty to impose on the judge to require from him, and him alone, a correct determination of the applicable law. The public image of a judge is that of one who is wise in the law and the dispensing of justice. This image should be maintained in fact. The majority opinion leads one to the belief that a trial is more a game than the solemn functioning of a court of justice. It is unconscionable to deprive a litigant of a fair trial by such means.
The majority opinion relies almost completely on our opinion in Beveridge v. State Dept. of Roads, 183 Neb. 406, 160 N.W.2d 229. While there may be doubts about the correctness of that opinion, when *431 viewed in the light of the present opinion, it is pointed out that its facts demonstrated that appellant's counsel was instrumental in bringing about the error of which he complained on review. Such was not the case here.
The present case is a glaring example of expanding the rule beyond the limited holding in the authoritative precedent. It demonstrates the danger in not adhering strictly to previous holdings, otherwise it serves as an opening wedge, which leads to the abondonment of long-established rules that have served the best interests of litigants over the years. No evil in the previously existing rule has been pointed out, nor has any need been shown for the change, to better the administration of justice. I submit that the holdings of this court ought to be in the direction of fair and impartial trials rather than in excusing and justifying error for the purpose of ending litigation.
SPENCER, Justice, joins in this dissent.