F. HOYTE FREEMAN ET AL., APPELLEES, V. GEORGE P. ROSE, APPELLANT.

188 N. W. 2d 682

Filed July 2, 1971. No. 37828.

George T. Burr, for appellant.

Keith I. Frederick of Schmid, Ford, Mooney, Frederick & Caporale, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action in equity to determine the rights of the parties under a written agreement, and to resolve all claims and rights as to the real estate which was the subject of the agreement. The district court found for the plaintiffs and against the defendant and entered decree foreclosing the defendant from any right, title, or interest in the real estate and dismissed defendant's cross-petition. We affirm the judgment of the district court.

The plaintiffs, F. Hoyte and Ina Freeman, were the owners of approximately 100 acres of land located in Sarpy County, Nebraska. Sometime prior to June 1967, the defendant, George P. Rose, approached Mr. Freeman about leasing the land for use as a sod farm. On June 22, 1967, the parties entered into a written lease agreement which also provided for an option to purchase under certain conditions.

The lease was for a period of 4 years commencing

March 1, 1967, and ending February 28, 1971. The lease provided for an annual rental of $23,450, or $335 for each acre of sod cut from the premises, whichever was greater. Rose was to make the rental payments on the 10th day of each month for the sod cut and removed during the preceding month. On February 28 of each lease year, he was to pay any difference between the amount of rent paid for sod cut during the preceding lease year and the minimum annual rental of $23,450. Rose was also required to submit with each month's rental payment, a list stating the name of each person to whom sod had been sold; the address and legal description of land on which the sod was laid; the amount sold; and whether the purchaser had paid for the sod. As sod was cut from the premises, Rose was also required to reseed the ground as soon as practicable so that all portions of the premises should be in a productive state of sod development. At any time subsequent to February 28, 1971, and prior to April 1, 1971, Rose had the option to purchase the land at a price of $150,-000, provided he had not been in default of any of the provisions of the lease during its term. In the event he exercised the option to purchase, he was to receive credit on the purchase price in an amount equal to $10,500 for each year of the lease term during which he had performed all of the covenants of the lease.

For the lease year ending February 28, 1968, the defendant paid $3,015. For the lease year ending February 28, 1969, the defendant paid $6,622.50. For the lease year ending February 28, 1970, the defendant made no payments, but the plaintiffs collected $2,501.45 directly from parties who had purchased sod from the defendant. The defendant did not submit to the plaintiffs any list giving the detailed information as to sod sales as required by the agreement.

In the fall of 1969, the defendant recorded the written agreement in the real estate records of Sarpy County and notified the plaintiffs that he was exercising the

purchase option in the lease. The plaintiffs notified the defendant in writing that he was in default and this action followed.

The defendant testified that he had done extensive work on the land to prepare it for use as a sod farm and that he had an oral agreement with the plaintiff, Hoyte Freeman, that any work he had done on the farm would be credited on the guaranteed minimum rental except for the $335 per acre to be paid as sod was cut. Defendant's cross-petition was based on that work as well as damage to his sod business. Plaintiffs' evidence was that they had prepared and seeded the land as a sod farm several years before the inception of the lease, and that there was no agreement with the defendant except the written agreement.

While the evidence was in conflict as to many issues, it was clearly more than sufficient to support the trial court's decree. In an equity case where the trial court is the trier of facts and there is irreconcilable conflict on a material factual issue, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the other. See Pickard v. Director of Motor Vehicles, 184 Neb. 13, 165 N. W. 2d 96.

Defendant also complains that his cross-petition for damages was dismissed. Where a court of equity obtains jurisdiction of a cause for any purpose, it may retain it for all and may proceed to final determination of a case, adjudicate all matters in issue, and thus avoid unnecessary litigation. Dixon v. O'Connor, 180 Neb. 427, 143 N. W. 2d 364.

The judgment is affirmed.

AFFIRMED.