F. HOYTE FREEMAN ET AL., APPELLEES, V. GEORGE ROSE, APPELLANT.

202 N. W. 2d 586

Filed December 8, 1972. No. 38492.

Ralph R. Bremers, for appellant.

Keith I. Frederick of Schmid, Ford, Mooney, Frederick & Caporale, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The Freemans, plaintiffs, brought this action to recover the unpaid balance of rent due under a written lease agreement with the defendant Rose. The jury returned a verdict for the plaintiffs in the amount of $58,301.05, for which the district court entered judgment. We affirm the judgment of the district court.

It is undisputed that the lease agreement provided for the lease of a sod farm of approximately 100 acres to the defendant for the term of 4 years with a minimum annual rental of $23,450. The plaintiffs sought

and were given judgment for $58,301.05 as the balance of the rent due for the years 1967, 1968, and 1969, the 3 years of the rental period during which the defendant was in possession of the premises. The defendant himself testified that he had paid only $12,048.95 in rent during the period of 1967, 1968, and 1969.

This action, involving the same parties, the same land, and the same lease agreement is a sequel to a previous action between the parties which reached final determination by this court in the case of Freeman v. Rose, 187 Neb. 176, 188 N. W. 2d 682. That was a declaratory judgment action involving the rights of the parties under the lease agreement and in which it was sought to establish that the defendant had rights under a clause in a lease giving him an option to purchase. We take judicial notice of that action and the findings and determinations made in that case. They are binding on both parties in this litigation. Our judgment in the former case reveals this court found there was a valid written lease agreement between the parties and the defendant was in default of payments under the lease agreement. We therefore quieted title to the real estate in the plaintiffs. The defendant in the prior action litigated his cross-petition for damages, arising out of a claim to rights to purchase under an option. The cross-petition was dismissed with prejudice. This court has stated the general rule to be that where cases are interwoven and interdependent, and the controversy involved has already been considered and determined by the Supreme Court in former proceedings, this court may examine its own records and take judicial notice of its own proceedings and its judgment in the former action. Glissmann v. Orchard, 152 Neb. 500, 41 N. W. 2d 756; Anderson v. Anderson, 155 Neb. 1, 50 N. W. 2d 224.

The assignments of error by the defendant in this second action and his contention in his brief are premised upon a right to relitigate the same issues this

court decided in the previous case cited *supra*. This he may not do. The district court in this action therefore properly found that the only issue to be tried under the pleadings in this case was whether or not the plaintiffs were entitled to damages for nonpayment of the rent, and if so, how much. It is undisputedly true that in the former litigation there was no allegation or attempt to recover damages in the declaratory judgment action for the breach of the lease payment agreement. That issue was not raised previously in the declaratory judgment action decided by this court. It is now the subject of the litigation in this second subsequent and independent action. The above elaboration of the background in this case is sufficient for a determination of the issues involved herein. For clarity purposes we will briefly review the background and the determination of this court of the previous action. The plaintiffs in this present action, F. Hoyte Freeman and Ina W. Freeman, in 1967 were the owners of approximately 100 acres of land located in Sarpy County, Nebraska. Sometime prior to June 1967, the defendant, George Rose, approached Mr. Freeman about leasing the land for use as a sod farm. On June 22, 1967, the parties entered into a written lease agreement which also provided for option to purchase under certain conditions. In the fall of 1969, more than 2 years later, the defendant was in default of his rental payments. He recorded the written agreement including the option to purchase in the real estate records of Sarpy County and notified the plaintiffs that he was exercising such purchase option. The plaintiffs then notified the defendant in writing that he was in default of his rental payments and the previous action of Freeman v. Rose, cited *supra,* was filed, seeking a declaratory judgment. That action terminated in findings and declarations that we have already discussed in this opinion. The declaratory judgment action was decided in an opinion by this court filed on July 2, 1971.

We will briefly mention the assignments of error that relate to alleged error in the trial of the precise issues presented to the jury for determination as to whether there was a failure to pay the rental payments and their amount. The defendant now contends, in substance, that the evidence is insufficient to sustain the jury's finding and the judgment in the amount of $58,301.05. The only evidence before the jury was that the defendant had, in fact, assumed and taken possession of the real estate for the years 1967, 1968, and 1969, all of which possession occurred prior to the termination of any of the defendant's rights in the real estate. A detailed computation from the record is not necessary. The defendant's own testimony was that the total payment he made was in the sum of $12,048.95. After allocation of the payments received, the plaintiffs asked for and the jury verdict was for default in the rentals on February 28, 1968, of $16,917.50; on February 28, 1969, of $20,948.55; on February 28, 1970, of $20,435, or a total sum of $58,301.05, the amount of the judgment entered in this case. We observe that no rental or damages were claimed or alleged by the plaintiffs after February 28, 1970, although the defendant, the evidence shows, continued to claim the premises in the prior action and continued to store his machinery on the property up through the final determination of that action and through the present action. It is obvious there was sufficient evidence to support the jury's verdict as to the default in the lease and the amount of the verdict in the sum of $58,301.05. The defendant attempted to prove that he did not receive the use of all the land provided for by the lease. The lease referred to "100 acres, more or less." A survey by the defendant 4 years after the lease was executed showed there were, in fact, 95.68 acres in the tract leased to the defendant. The undisputed evidence, elicited from the defendant on direct examination is that he viewed the premises prior to entering into the lease, that he was

shown the complete boundaries in the area involved in the property, the buildings, the dikes, and other included fixtures. The evidence is undisputed that he entered into the lease, making no objection to the boundaries or the buildings or the amount of growing sod and no such objection was ever made prior to the time of the trial in this case or the declaratory judgment action, although the lease agreement commenced in early 1967. There is no merit to this contention.

We have examined the defendant's contentions with reference to alleged error in the giving of certain instructions. The record shows in this case that after the court had inquired as to whether the parties had rested, he submitted his proposed instructions to counsel. A conference was had upon the proposed instructions and no objections were then made by counsel for the defendant to the instructions. Instruction No. 5 which is specifically objected to by the defendant in this court was discussed by the court and counsel in detail in the conference on instructions. No objection was made by the defendant and he may not assert one now. Martinez v. Hoveling, 184 Neb. 560, 169 N. W. 2d 428; Beveridge v. State, 183 Neb. 406, 160 N. W. 2d 229.

In conclusion, the assignments of error mainly relate to an attempt to relitigate the issues in this case which were previously tried in the lower court and finally determined by this court in the previous case. The issues of breach of the payment of lease rentals and the amount thereof were properly instructed upon by the trial court, and the jury returned a verdict amply supported by the evidence.

The judgment of the district court is correct and is affirmed.

AFFIRMED.