RUSSELL L. KOERNER, APPELLANT, V. ROCHELLE A. PERRELLA, APPELLEE.

328 N.W.2d 473

Filed December 30, 1982. No. 44046.

William L. Gilmore and Debra K. Lyford of McArthur, Lamb, Lyford, Gilmore & Janssen, for appellant.

Patrick W. Healey of Healey, Brown, Wieland, Kluender, McCord & Atwood, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and MURPHY and WHITEHEAD, D. JJ.

WHITEHEAD, D.J.

This is an action for damages and personal injuries resulting from an automobile-motorcycle collision. Plaintiff Koerner, in his petition, alleges that the negligence of the defendant was the proximate cause of the accident and resulting injury. Defendant Perrella, in her answer, alleged that the proximate cause of the collision and the resulting injuries was the negligence of the plaintiff. The matter was tried to a jury and the jury returned a verdict in favor of the defendant Perrella. The plaintiff has appealed.

The collision involved in this case occurred on Cotner Boulevard near the intersection of 64th Street and Cotner Boulevard. On August 7, 1979, at approximately 4:15 p.m., the defendant was operating her automobile, a green 1975 AMC Gremlin, southbound on Cotner Boulevard, heading toward her apartment at 6425 Dudley Street. The plaintiff was traveling in the same direction, with the defendant's automobile in front of him while he was riding on his motorcycle. Defendant testified it was her intention to pull in a driveway located on the west side of Cotner between Orchard and Dudley Streets which led to a parking lot immediately adjacent to her apartment.

The parties proceeded along at a point where the southbound lane begins to widen to provide for a left turn lane onto Dudley Street. The plaintiff testified that the defendant's automobile appeared to move to the left. The defendant then turned her automobile sharply, making a right-hand turn into the driveway. The plaintiff, who was in the southbound lane, collided with the defendant's vehicle, the plaintiff's motorcycle colliding with the right passenger door at a point near the hinges. The plaintiff testified that there were no turn signals or any warning; the defendant testified that prior to the accident she had slowed to about 10 miles per hour, that her turn signals were working, and that she automatically uses her turn signals.

Plaintiff testified that he first saw the defendant's car as he was proceeding southwest on Cotner when it was in front of the Derby station south of Dudley. He said that at that time he was going 30 to 35 miles per hour and the Gremlin was going slowly. Plaintiff then observed a friend in the Derby station on the left side of the street. He acknowledged that he took at least a few seconds to check out his friend in the Derby station. He believed he had honked, and when he had looked back the defendant's auto was in the left lane and he was approximately 15 or 20 feet

behind it, was unable to stop, and collided with defendant's auto. The matter was submitted to a jury and the jury returned a verdict for the defendant. The plaintiff appeals. We affirm.

The plaintiff raises a number of grounds for appeal in his motion for new trial and the assignments of error cited in his brief, which may be condensed to three grounds: (1) That the trial court erred in instructing the jury on the comparative negligence; (2) That the trial court erred in failing to instruct the jury that the defendant was negligent as a matter of law; and (3) That the weight and sufficiency of the evidence was clearly contrary to the verdict received.

The plaintiff contends that the court should not have submitted the issue of contributory negligence to the jury. The issue was well pled by the defendant in this matter, and this court has stated repeatedly, in the interpretation of Neb. Rev. Stat. § 25-1151 (Reissue 1979), that " 'It should be noted here that the final provision of the comparative negligence statute requires that "all questions of negligence and contributory negligence shall be for the jury." *While that language obviously does not affect the court's right to decide a case as a matter of law, it does emphasize the fact that the determination of questions of negligence and contributory negligence and the comparative measuring of them are basically factual issues which are generally for determination by the jury.'* (Emphasis supplied.)" (Emphasis supplied.) *C. C. Natvig's Sons, Inc. v. Summers,* 198 Neb. 741, 747-48, 255 N.W.2d 272, 277 (1977).

In the present case, even assuming that the defendant was guilty of negligence as a matter of law for failing to signal her right-hand turn, the degree of negligence as compared to the possible negligence on the part of the plaintiff remains in dispute. There was testimony as to the plaintiff's lack of lookout and conflicting testimony as to whether or not the

defendant had signaled, and, therefore, the issue was proper for submission to the jury. It should be noted that prior to submission of the matter the instructions were submitted to all counsel for comment, and each individual instruction was reviewed by counsel for objection. No objection was reflected in the record as to alleged erroneous instructions. The failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection on appeal. *Beveridge v. State,* 183 Neb. 406, 160 N.W.2d 229 (1968); *Libbey-Owens Ford Glass Co. v. L & M Paper Co.,* 189 Neb. 792, 205 N.W.2d 523 (1973).

Another contention of the plaintiff is that the weight and sufficiency of the evidence was clearly contrary to the verdict received. This court has on numerous occasions stated that where evidence is conflicting or where reasonable minds may draw different inferences or conclusions from the evidence, it is within the province of the jury to decide the issues of fact and the Supreme Court will not set aside or direct a verdict in such a situation. See, *Mustard v. St. Paul Fire & Marine Ins. Co.,* 183 Neb. 15, 157 N.W.2d 865 (1968); *Libbey-Owens Ford Glass Co. v. L & M Paper Co., supra.*

In the case at bar the jury returned its verdict in favor of the defendant and there was competent evidence to support that verdict. The verdict of the jury will not be disturbed unless it is clearly wrong. The judgment of the District Court was correct and is affirmed.

AFFIRMED.