SUZANNE BRECKENRIDGE, ADMINISTRATRIX OF THE ESTATE OF ALBERT BRECKENRIDGE, DECEASED, APPELLANT, V. MIDLANDS ROOFING COMPANY, APPELLEE.

384 N.W.2d 298

Filed April 4, 1986.   No. 85-300.

Richard J. Bruckner, for appellant.

Harry R. Henatsch of Katskee & Henatsch, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an order of dismissal on rehearing by the Nebraska Workmen's Compensation Court entered on March 27, 1985. A previous single-judge hearing resulted in a dismissal on April 16, 1984. Appellant, Suzanne Breckenridge, administratrix of her deceased husband's estate, alleged in her petition for benefits that decedent died accidentally from carbon monoxide poisoning on October 18, 1983, while in the course of his employment. Appellee, Midlands Roofing Company, admitted decedent's death was the result of carbon monoxide poisoning but denied that death arose out of and in the course of employment. Appellee alleged that decedent came to his death by his own willful negligence. The Workmen's Compensation Court dismissed appellant's petition, finding that a preponderance of the evidence indicated death by suicide rather than by accident.

The decedent, Albert Breckenridge, died of carbon monoxide poisoning in the garage of his employer's building sometime before 7 a.m. on October 18, 1983. The decedent was the first employee to report to work on the morning of his death. He started the engines of four company vehicles, without opening the garage doors. He was found slumped down against a wall by another employee. The rescue squad was called, but decedent was already dead when he was discovered. Whether starting the vehicles that morning to prepare them for the day's work was in the nature of decedent's employment

duties was disputed at trial. Also in dispute were the decedent's emotional state in the days prior to his death, and the severity of his family problems. He had been separated from his wife for several days prior to his death. No suicide note was found.

Appellant assigns as error six items which can be summarized as the court below erred in finding that decedent's death was caused by suicide rather than by an accident within the scope of his employment.

Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case. Neb. Rev. Stat. § 48-185 (Reissue 1984). If the findings are supported by sufficient evidence, they will not be disturbed on appeal unless clearly wrong. *Friedeman v. State,* 215 Neb. 413, 339 N.W.2d 67 (1983). We find no evidence that the Workmen's Compensation Court was clearly wrong in its findings, and we affirm its decision.

The following provisions of the workmen's compensation law are relevant in this case. Neb. Rev. Stat. § 48-101 (Reissue 1984) states:

When personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her employer if the employee was not willfully negligent at the time of receiving such injury.

Neb. Rev. Stat. § 48-151 (Reissue 1984) provides in part:

(2) The word accident as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. The claimant shall have a burden of proof to establish by a preponderance of the evidence that such unexpected or unforeseen injury was in fact caused by the employment. There shall be no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment.

. . . .

(7) For the purpose of this act, willful negligence shall consist of (a) deliberate act, (b) such conduct as evidences reckless indifference to safety . . . .

The facts of this case lead to an initial conclusion of unexplained death. In an action to obtain an award of benefits under the Nebraska workmen's compensation law, the burden of proof is on the plaintiff to establish by a preponderance of the evidence that the injury or death was sustained by an accident arising out of and in the course of the employment. *Hannon v. J. L. Brandeis & Sons, Inc.*, 186 Neb. 122, 181 N.W.2d 253 (1970). Where a violent death is shown under circumstances indicating that death occurred within the time and place limits of the employment without evidence as to the cause of death, there is no presumption that the death arose out of and in the course of the employment by virtue of § 48-151. *Id.* There also exists in Nebraska a presumption against death by suicide, but that presumption is rebuttable and is overcome and disappears when either direct or circumstantial evidence is introduced showing that the death was caused by suicide. The burden is then upon the party asserting such to adduce evidence that the death was accidental and not from suicide. *Mustard v. St. Paul Fire & Marine Ins. Co.*, 183 Neb. 15, 157 N.W.2d 865 (1968).

Appellee in this case produced sufficient evidence to show that death could have been caused by suicide. It is clear that appellant had the burden of proving (1) that death was accidental and (2) that death arose out of and in the course of decedent's employment. The court below found that the preponderance of evidence indicated death by suicide. Absent extraordinary circumstances, suicide constitutes willful negligence under § 48-151. See *Friedeman v. State*, 215 Neb. 413, 339 N.W.2d 67 (1983). Death due to willful negligence causes the claim for benefits under the workmen's compensation law to fail, and appellant is precluded from recovering.

AFFIRMED.