ANNA B. GAVER, APPELLEE, V. CITY OF COLUMBUS, APPELLANT.

4 N. W. (2d) 924

FILED JULY 24, 1942. No. 31412.

*H. D. Hunter* and *Emil F. Luckey*, for appellant.

*Joseph L. Jiranek* and *Wagner & Wagner, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ., and ELLIS, District Judge.

SIMMONS, C. J.

This is an action to recover damages for personal injuries. The defendant appeals from a judgment against it.

The plaintiff alleges that at the place of the accident there were trees growing between a public sidewalk and the curb so that the "boughs crossed said walk and so low that they hung in line of the plaintiff's face as she walked on said sidewalk;" that she had no knowledge "that said limbs hung low enough to contact her eyes or head;" that while wearing glasses and "walking in the ordinary and normal manner" and "without observing that the branches of said trees hung in line with her approach" and "without fault or neglect on her part" she collided with the branches in such a manner that her glasses were broken and that glass particles entered her right eye. The defendant is alleged to have been "careless" (1) in permitting the branches to grow across the walk at a distance from the walk so as to contact plaintiff's eyeglasses, (2) in failing to keep the branches trimmed so that people could walk beneath them without coming in contact with them, and (3) in permitting them to hang within five and one-half feet of the floor of the walk for over a year without trimming them. Notice of injuries to the city was alleged.

Defendant by answer denied generally, and alleged that said accident resulted from plaintiff's own carelessness and negligence and occurred without fault or negligence of the defendant.

The accident occurred July 25, 1940, about 6:10 or 6:15 p. m. Plaintiff was walking west; the sun was shining. She wore a small hat with a little brim in front. She described

"what happened" as follows: "I got hit by a limb is all I know." "I walked into a limb." "It hit my hat and the glass went into my eye and that is all I can remember." When the glass went into her eye "It just felt like someone shot me." This is all the evidence there is as to how the accident occurred. On cross-examination plaintiff testified that "it must have been an awful big branch" and that there was nothing to obstruct her view nor to distract her attention at the time.

The plaintiff was somewhat nearsighted and wore glasses to correct her vision. So far as appears from the record her vision with glasses was normal. She was wearing her glasses at the time of the accident.

The sidewalk was of brick and was one of the public walks of the defendant city. It appears to have been in good repair. The trees were Chinese elms, planted about 1937, in the parking between the sidewalk and the curb. The pictures in evidence indicate a heavy foliage at the time of the accident. The branches are shown to have been "as big as a thumb." The evidence of one of plaintiff's witnesses is that the branches hung to within three and one-half to four feet of the sidewalk. Another of plaintiff's witnesses testified that they were "just about low enough to strike a pretty tall man." The evidence of plaintiff's husband is that he examined the trees immediately after the accident and that the leaves and branches hung down to his shoulders. He is shown to be two and five-eighths inches taller than his wife. The husband did not know his exact height; it was "something" like "five feet six or seven." The plaintiff's height is not shown.

The plaintiff had been along this sidewalk six months to a year before this accident happened and apparently passed under the trees without difficulty, although one of her witnesses testified that since 1938 "they would strike any one over four feet tall."

That plaintiff received a severe and painful injury requiring protracted medical and surgical attention, and that she has not recovered are established by the evidence.

Defendant assigns and discusses many alleged errors. The basic one is the insufficiency of the evidence to sustain a judgment against it. We have reviewed the evidence from the viewpoint most favorable to the plaintiff and have recited that given by plaintiff and her witnesses. Assuming, but not deciding, that the city had notice of the condition of the trees, the conclusion is inescapable that the accident happened because of the lack of care of the plaintiff for her own safety. Plaintiff does not testify that the sun in any way affected her vision. She does not testify that she did not see the branches, nor that she could not have seen them had she looked, nor where she was looking at the time of the accident. The obstruction caused by the branches was not one which was hidden nor which could be seen only for an instant before the accident. It is patent from the pictures in evidence and from the testimony that the branches were visible from some distance and that a mere glance ahead would have disclosed their presence. Plaintiff alleges that they hung "in line of" her face.

Is the city liable to respond in damages to one who is injured under such circumstances? We do not think so. The rule is stated as follows: "A person using or traveling on a street or public way is required reasonably to exercise his faculties to discover and avoid dangerous defects and obstructions, the care required being commensurate with the danger or appearances thereof; and he is guilty of contributory negligence if by reason of his failure to exercise such care he fails to discover and avoid a defect or obstruction which is visible and obvious; or where the surrounding circumstances indicate danger; as where he fails to pay attention to signals of danger, or fails to notice such structures as the necessities of commerce or the convenient occupation of dwelling-houses may require; where he recklessly drives over rough streets, or where he drives in one direction while looking in another." 43 C. J. 1087.

A traveler along a street or highway is under a duty to keep a general lookout to observe dangers directly in his path. 43 C. J. 1089. Here the plaintiff's attention was not

diverted; her vision was not obscured; in the full possession of her senses, in broad daylight, in her own language, she "walked into a limb."

In *Hupfer v. City of North Platte,* 134 Neb. 585, 279 N. W. 168, the plaintiff was walking along a sidewalk looking at a parade and paying no attention to the place where she was walking. She fell at a point where the sidewalk was sunken. In that case the plaintiff's attention was distracted by the parade; here nothing caused her to look away from the course of her travel. In that case it was uncertain as to the extent of the defect or how patent it was. Here the obstruction was obvious. This court there held: "A municipal corporation is not an insurer of the safety of travelers along its streets and highways and is required to employ only reasonable diligence to keep its sidewalks in a reasonably safe condition for the use of persons passing over them in the exercise of ordinary care and caution. * * * Along with this rule is a reciprocal one which exacts observance by persons using the highways and sidewalks of a municipal corporation. This rule requires that persons using the sidewalks of a city shall in such use exercise ordinary care and caution for their own safety. * * * Ordinary care and caution required the plaintiff to take some note of her own surroundings. In this case, though it was broad daylight, she walked along with eyes averted and without any effort to observe the sidewalk over which she was passing or its condition. This would seem to be a failure to exercise the ordinary care and caution enjoined upon her by law and a proper regard for her own safety." A judgment against the city was there reversed and the action dismissed.

Here plaintiff failed to exercise ordinary care and caution for her own safety under the circumstances and that failure was the proximate cause of the accident from which she received serious injuries. We see no basis in law for holding the defendant city liable.

The judgment of the trial court is reversed and the cause dismissed.

REVERSED AND DISMISSED.