MARIE E. JOHNSON, APPELLANT, V. WILLIAM GOODIER ET AL., APPELLEES.

153 N. W. 2d 445

Filed October 27, 1967. No. 36572.

Eugene D. O'Sullivan, Jr., for appellant.

Rickerson & Homan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff Marie E. Johnson for her cause of action against the defendants William Goodier and Margaret Goodier, husband and wife, alleged, in substance, that she was a guest in the home of the defendants. She sought to go to the bathroom from the kitchen, entered a dark and unlighted room, opened the basement door thinking it was the door to the bathroom, stepped forward, fell down the basement stairs, and was injured. She charges that defendants were negligent in failing to instruct her as to the proper way to enter the bathroom, in failing to inform her of the dangerous condition existing by reason of the location of the basement stairs, and in failing to provide adequate lighting facilities.

Defendants demurred to the petition. The demurrer was sustained and plaintiff elected to stand on her petition. The case is before this court for the purpose of determining whether or not the trial court was correct in sustaining such demurrer.

That plaintiff was what is termed a "social guest" and, consequently, a "licensee," is clear and conceded. The position of a social guest is aptly described in Restatement 2d, Torts, § 330, p. 175. "Some confusion has resulted from the fact that, although a social guest normally is invited, and even urged to come, he is not an 'invitee,' within the legal meaning of that term, * * *. He does not come as a member of the public upon premises held open to the public for that purpose, and he does not enter for a purpose directly or indirectly connected with business dealings with the possessor. The use of the premises is extended to him merely as a personal favor to him. The explanation usually given by the courts

for the classification of social guests as licensees is that there is a common understanding that the guest is expected to take the premises as the possessor himself uses them, and does not expect and is not entitled to expect that they will be prepared for his reception, or that precautions will be taken for his safety, in any manner in which the possessor does not prepare or take precautions for his own safety, or that of the members of his family." In this connection, see, also, Prosser on Torts (2d Ed.), § 77, p. 447.

"As a licensee on the host's premises, the guest generally takes the premises as he finds them, in so far as any alleged defective condition thereof is concerned, and assumes the ordinary risks or dangers incident to the condition of the premises. The host is not required to inspect the premises to discover defects or to maintain the premises in a safe condition for his guest. The guest is expected to take the premises as the host uses them and may not expect that they will be prepared for his reception or that precautions will be taken for his safety in any manner in which the host did not prepare or take precautions for his own safety or the safety of members of his family, or, as sometimes expressed, where one visits the private home of another as a social guest the owner is bound to take the same care of him that the owner takes of himself and other members of his family, and no more." 65 C. J. S., Negligence, § 63 (136), p. 920. See, also, Von Dollen v. Stulgies, 177 Neb. 5, 128 N. W. 2d 115. "The owner or occupant of property owes to a licensee the duty only to refrain from injuring him by willful or wanton negligence or a designed injury, or by failure to warn of a hidden danger or peril known to the owner or occupant but unknown to or unobservable by the licensee in the exercise of ordinary care." Schild v. Schild, 176 Neb. 282, 125 N. W. 2d 900.

A licensee takes the premises as he finds them, the only duty of the occupier being to give notice of traps or concealed dangers. Von Dollen v. Stulgies, *supra.*

See, also, Lindelow v. Peter Kiewit Sons', Inc., 174 Neb. 1, 115 N. W. 2d 776; Roan v. Bruckner, 180 Neb. 399, 143 N. W. 2d 108.

Many, and perhaps most, homes have basements and inside basement stairs. This situation is so common, and the recognition of such construction so general, that ordinary basement stairs can scarcely be accepted as presenting a dangerous situation or a trap which would require a warning from the occupier to a guest. Under the circumstances, plaintiff's petition fails to state a cause of action and the demurrer thereto was correctly sustained.

There is, however, another ground which would require us to arrive at the same conclusion. The petition indicates that, at the time of the accident, plaintiff was walking in a dark and unfamiliar place and did not stop to turn on lights as she proceeded. The following statement found in Prosser on Torts (2d Ed.), § 77, p. 450, is pertinent here. "The perils of darkness usually are held to be assumed by one who voluntarily proceeds into it; * * *." In Wentink v. Traphagen, 138 Neb. 41, 291 N. W. 884, this court held: "One who voluntarily walks about in total darkness in a strange place must of necessity know that he faces the danger of obstructions, pitfalls, accident, and injury. * * * Darkness alone calls upon a person to exercise greater caution for his own safety than is ordinarily required. * * * Where light has failed, obstructions have been encountered, and there are no especial circumstances requiring a person to proceed, he who goes forward into an unfamiliar dark space does so at his own risk, and if accident and injury follow, he is guilty of negligence, as a matter of law, which bars recovery." In this case, the plaintiff walked in darkness in an unfamiliar place, encountered a door, opened it, and fell down the stairway. It appears that she, too, was guilty of negligence as a matter of law sufficient to bar recovery.

The trial court acted correctly in sustaining the de-

murrer to plaintiff's petition and in dismissing plaintiff's cause of action when she elected to stand upon her petition.

The judgment of the trial court should be affirmed.

AFFIRMED.