MARIE P. LEARY, APPELLEE, V. MARTIN K. EBY CONSTRUC-
TION COMPANY, INC., A CORPORATION, APPELLANT.
216 N. W. 2d 750

Filed April 4, 1974. No. 38900.

Thomas J. Walsh and Michael R. O'Malley of Walsh,
Walentine & Miles, for appellant.

Alfred A. Fiedler of Weinberg & Fiedler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a tort case in which the plaintiff, Marie P.
Leary, alleged that her fall over a tarpaulin and a hid-
den trowel was caused by the negligence of the defend-
ant, Eby Construction Company. The verdict and judg-
ment in the District Court were for the plaintiff. Eby
Construction Company appeals, contending that its mo-
tions for a directed verdict and judgment notwithstand-
ing the verdict should have been sustained. We reverse
the judgment of the District Court and dismiss the
action.

We test the evidence in this case by the usual stand-
ard that the successful party is entitled to have every
controverted fact resolved in his favor and to have the

benefit of every inference that reasonably can be deduced from the evidence. The defendant construction company had repaved an area about 2 or 3 feet wide covering the course of the repair of a water main across the plaintiff's driveway. To protect the new strip of pavement across the plaintiff's driveway the defendant covered it with a tarpaulin. In length the tarpaulin covered the entire strip of pavement which crossed the entire width of the driveway. This tarpaulin strip was about 2 or 3 feet wide. The evidence shows that the tarpaulin did not lie completely flat; it was "bunched" and folded, creating irregular elevations at various places. It is undisputed that the plaintiff knew of the presence of the tarpaulin and its condition. She and her husband had driven over the tarpaulin in order to go up their driveway. From the evidence we must assume that prior to the accident she had walked or crossed over the tarpaulin strip without difficulty. The conclusion is inescapable that she knew of the tarpaulin, knew of its irregular contour and condition, and was attempting to cross over it when she stumbled and fell. On October 9, 1968, about 8 p.m., when it was very dark, the plaintiff left her house to get her mail from the mailbox. She could have proceeded by different routes but as was her usual custom, she left from the back door and walked down the driveway. As she was walking down the driveway she walked across the 2 or 3 foot width of the tarpaulin, tripped, fell, and sustained injury. Later inquiry and inspection the next morning revealed the presence of a trowel that had been placed underneath the tarpaulin. The trowel was not introduced into evidence. There is no evidence that the height of the trowel or its location formed a risk significantly different than the other irregularities, elevations, or bunching, previously present in the tarpaulin. The plaintiff's basic contention is that the presence of the trowel was evidence of negligence and that the

question of contributory negligence was for the jury.

The defendant contends that the plaintiff assumed the risk and that she was guilty of contributory negligence. We discuss only the issue of contributory negligence as it is dispositive of the case. The rule in Nebraska with respect to contributory negligence is: "One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent." Mendoza v. Aguilera, 184 Neb. 94, 165 N. W. 2d 360 (1969). In Johnson v. Goodier, 182 Neb. 172, 153 N. W. 2d 445 (1967), this court quoted with approval the following portions of the syllabus from Wentink v. Traphagen, 138 Neb. 41, 291 N. W. 884 (1940): "Darkness alone calls upon a person to exercise greater care for his own safety than is ordinarily required * * *. Where light has failed, obstructions have been encountered, and there are no especial circumstances requiring a person to proceed, he who goes forward into an unfamiliar dark space does so at his own risk, and if accident and injury follow, he is guilty of negligence, as a matter of law, which bars recovery."

The plaintiff testified that it was very dark when she attempted to walk over the tarpaulin. The tarpaulin had been positioned across the driveway for a considerable period of time. She had walked over the tarpaulin several times earlier and was fully familiar with the risk of crossing it. She also testified that even though it was very dark she could discern outlines or shapes. Under these circumstances, it becomes immaterial whether she did stumble over a trowel which was underneath the tarpaulin or stumbed on some portion of the tarpaulin itself. It is clear that she relied upon her previous knowledge of the area and assumed it was in the same condition as when she had crossed over it before. Paraphrasing Wentink v. Traphagen, *supra*, the plaintiff was

proceeding in darkness where light had failed, encountering an obstruction and risk with which she was fully familiar. She went forward into a dark space being fully aware of the dangers and risks involved. The defects and dangers were open on the surface of the pavement and she was generally familiar with them. Under these circumstances her testimony to the effect that she was not aware of the precise irregularity or the presence of the trowel over which she tripped becomes wholly immaterial.

We conclude that the plaintiff was capable of understanding and discretion, had knowledge of the dangers she was about to encounter, and failed to exercise ordinary care and prudence to avoid the very defects and dangers of which she knew or should have known, and was therefore guilty of contributory negligence as a matter of law.

We therefore hold that under the facts of this case the plaintiff was guilty of contributory negligence as a matter of law and that the defendant's motions for a directed verdict and judgment notwithstanding the verdict should have been sustained.

The judgment of the District Court is reversed and the action dismissed.

REVERSED AND DISMISSED.

SMITH, J., not participating.