GERALDINE LYNN, APPELLANT, V. METROPOLITAN UTILITIES
DISTRICT, A NEBRASKA CORPORATION, APPELLEE.

403 N.W.2d 335

Filed April 3, 1987.   No. 85-575.

Michael Lehan and William Latka III, for appellant.

Thomas A. Wurtz and Daniel G. Crouchley, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Geraldine Lynn appeals the judgment for Metropolitan Utilities District (M.U.D.) in a negligence action, which she brought pursuant to the provisions of the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983). We affirm.

In Omaha, at approximately 5:25 a.m. on January 28, 1980, Geraldine Lynn parked her car, as she had done "for four years," on the west side of 22d Street and began walking to work at Northwestern Bell Telephone Company, which was located four blocks away at 19th and Douglas Streets. Lynn regularly followed the same pedestrian course from her parking place on 22d Street to the Bell building.

Running north and south, 22d Street intersected with the north side of Dodge Street but did not cross Dodge, a one-way thoroughfare with four lanes for traffic and a parking lane adjacent to the south curb. Although there was a sidewalk on each side of Dodge, there was no crosswalk at the intersection of 22d and Dodge Streets. Two blocks east, at the intersection of 20th and Dodge Streets, there was a crosswalk.

There were no other pedestrians or traffic regarding Dodge Street when Lynn reached the 22d Street intersection. It was dark that morning, a light snow was falling, and the temperature was near 17°. The condition of illumination from street lights on Dodge Street is undisclosed.

Leaving the corner of 22d and Dodge Streets, Lynn

commenced walking diagonally in a southeasterly direction across Dodge. As she was approaching the curb on the south side of Dodge Street, Lynn stepped into a hole in the street and fell. Lynn fell "suddenly . . . just fell straight down" and "jammed" her leg into a hole.

The hole, located 3 to 4 feet from the south curb of Dodge Street, was a gas valve box, owned by M.U.D. and encasing a low-pressure valve utilized to regulate the flow of gas. The valve in the box was located 6 feet below the surface of Dodge Street. Ordinarily, a cast-iron cover lay over the 8-inch-wide valve box, but was missing the morning when Lynn fell. The edge of the valve box was "flush" with the concrete surface of Dodge Street. Before Lynn's accident, M.U.D. had no actual notice that the cover was missing from the valve box, installed in 1948 but never inspected after 1958.

Lynn testified that it was "very dark" at the site of the hole and that she had "walked over" the gas valve box before the morning of the accident, but denied prior knowledge that the valve box was at the site of her fall. According to Lynn, the "hole was never there all the times that I had walked that path," and "I had no idea what I had stepped into."

As the result of her fall into the valve box, Lynn sustained a severe laceration of her lower left leg, was hospitalized, and eventually retired from employment at Bell because persistent pain from the leg injury prevented her working.

In her petition, Lynn made specific allegations concerning M.U.D.'s negligence, namely, M.U.D.'s failure to (1) maintain the valve box, which was located in a "public way," in a safe condition; (2) inspect and discover the dangerous condition regarding the uncovered valve box; (3) barricade the hole; (4) warn Lynn; and (5) comply with Omaha Mun. Code ch. 49, art. XIV, § 49-536 (1980), pertaining to installation, inspection, and maintenance of a utility outlet. Additionally, Lynn alleged M.U.D.'s negligence in utilizing a "covering on a utility hole in the public way which was not properly designed to remain attached under the circumstances." In its answer, M.U.D. denied any negligence and alleged the affirmative defenses of contributory negligence and assumption of risk.

After a bench trial, the district court for Douglas County

entered judgment for M.U.D., stating: "In consideration of the facts and law, the Court finds that the Plaintiff should not recover on her Petition against the Defendant. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT a verdict for the Defendant is rendered on the Plaintiff's Petition."

Geraldine Lynn claims that the district court committed error in (1) not finding M.U.D. negligent by its failure to inspect and properly maintain the valve box, as well as warn the public about the dangerous condition regarding the valve box; (2) requiring Lynn to prove that M.U.D. had actual notice of the valve box's defective condition, when evidence established that M.U.D. had no maintenance or inspection program for its system; and (3) finding Lynn contributorily negligent in a degree preventing recovery.

Lynn asserts that the district court committed reversible error in specific conclusions of law or findings of fact, such as failing to find M.U.D. negligent and requiring Lynn's proof of actual notice to M.U.D. concerning the condition at the valve box. The record does not reflect such specificity by the district court as asserted by Lynn. Rather, in the words of the district court, a general "verdict for the Defendant is rendered on the Plaintiff's Petition." Neb. Rev. Stat. § 25-1127 (Reissue 1985) does provide a procedure in a law action whereby a party may request, and the court must specify, certain conclusions:

> Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except, generally, for the plaintiff or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"The purpose of § 25-1127, requiring a trial court's separate statements regarding its findings of fact and conclusions of law, is to enable the parties to question the 'rulings of the court upon legal questions involved.' " *Fee v. Fee*, 223 Neb. 128, 132, 388 N.W.2d 122, 125 (1986). The procedure for specific findings of fact and conclusions of law, authorized in § 25-1127, is

available in actions brought under the Political Subdivisions Tort Claims Act. See *Lindgren v. City of Gering*, 206 Neb. 360, 292 N.W.2d 921 (1980). However, Lynn did not use the procedure authorized in § 25-1127, although such procedure was available in cases such as Lynn's action against M.U.D. Lynn's expressions about specificity in the district court's findings are only surmise.

A district court's factual findings in a case brought under the Political Subdivisions Tort Claims Act will not be set aside unless such findings are clearly incorrect. *McGinn v. City of Omaha*, 217 Neb. 579, 352 N.W.2d 545 (1984). See, also, *Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984).

In a bench trial of a law action, the court, as the "trier of fact," is the sole judge of the credibility of witnesses and the weight to be given their testimony. Among the factors entering into the trial court's resolution of any conflicts of evidence are such items as the respective interests of the parties in the litigation; the demeanor of witnesses, including the parties, while testifying before the court; the apparent fairness exhibited by witnesses; the extent to which testimony of various witnesses is corroborated; and the reasonableness or unreasonableness of testimony from the witnesses. See *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985).

> In reviewing a judgment awarded in a bench trial, the Supreme Court does not reweigh evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. [Citations omitted.]

*Alliance Nat. Bank v. State Surety Co.*, 223 Neb. 403, 404, 390 N.W.2d 487, 489 (1986).

In the face of the defense of contributory negligence and to recover on her claim against M.U.D., Lynn must prove M.U.D.'s negligence and must be free from contributory negligence more than slight in comparison to M.U.D.'s negligence. See Neb. Rev. Stat. § 25-21,185 (Reissue 1985) (contributory negligence; comparative negligence). See, also,

*Teegerstrom v. H. J. Jeffries Truck Line*, 216 Neb. 917, 346 N.W.2d 411 (1984).

To dispose of Lynn's appeal, we must determine whether, based on the issues presented, there is support for the district court's judgment. In that regard, we proceed on the hypothesis that Lynn had established all facts necessary to prove M.U.D.'s negligence as specifically alleged in her petition. When Lynn proved M.U.D.'s negligent conduct, the burden shifted to M.U.D. to prove one of its alleged defenses, either Lynn's contributory negligence or assumption of risk on the part of Lynn. Contributory negligence is an affirmative defense which must be proved by the party asserting such defense. See *Foland v. Malander*, 222 Neb. 1, 381 N.W.2d 914 (1986).

In *Mercer v. Omaha & C. B. Street R. Co.*, 108 Neb. 532, 535, 188 N.W. 296, 297 (1922), this court stated: "It is the settled law of this state that the general public has the right to the use of a public street and every part thereof . . . ."

A pedestrian's right to ambulation on a public street, however, is not absolute. A pedestrian on a public thoroughfare must exercise the degree of care that an ordinarily prudent person would exercise under similar circumstances. See, *Seitter v. City of St. Joseph*, 358 S.W.2d 263 (Mo. App. 1962); *Thomas v. City of Devils Lake*, 143 N.W.2d 718 (N.D. 1966); *Engman v. City of Des Moines*, 255 Iowa 1039, 125 N.W.2d 235 (1963).

To determine whether conduct constitutes negligence, the invariable standard is reasonable care, although reasonable care is directly proportional to the danger inherent in conduct and may vary depending on the circumstances. See, *McDaniel v. McNeil Laboratories, Inc.*, 196 Neb. 190, 241 N.W.2d 822 (1976); Restatement (Second) of Torts § 298 (1965). Cf. *Martinez v. Hoveling*, 184 Neb. 560, 169 N.W.2d 428 (1969) (gunshot wound during hunting accident). Cf., also, *Whittington v. Nebraska Nat. Gas Co.*, 177 Neb. 264, 128 N.W.2d 795 (1964) (explosion from escape of natural gas).

Entering a darkened area requires one to exercise caution greater than that ordinarily required in an illuminated area. *Leary v. Martin K. Eby Constr. Co., Inc.*, 191 Neb. 575, 216 N.W.2d 750 (1974); *Johnson v. Goodier*, 182 Neb. 172, 153 N.W.2d 445 (1967).

One who is capable of understanding and discretion but fails to exercise ordinary care and prudence to avoid obvious dangers is negligent or contributorily negligent. *Utsumi v. City of Grand Island*, 221 Neb. 783, 381 N.W.2d 102 (1986); *Suarez v. Omaha P.P. Dist.*, 218 Neb. 4, 352 N.W.2d 157 (1984).

In *Gaver v. City of Columbus*, 141 Neb. 832, 4 N.W.2d 924 (1942), a pedestrian sought damages from the city as a result of the pedestrian's collision with boughs hanging across a sidewalk. While factually dissimilar to Lynn's case, we find this court's language in *Gaver* is appropriate:

> "A person using or traveling on a street or public way is required reasonably to exercise his faculties to discover and avoid dangerous defects and obstructions, the care required being commensurate with the danger or appearances thereof; and he is guilty of contributory negligence if by reason of his failure to exercise such care he fails to discover and avoid a defect or obstruction which is visible and obvious . . . ." . . .
>
> A traveler along a street or highway is under a duty to keep a general lookout to observe dangers directly in his path.

*Id.* at 835, 4 N.W.2d at 926. To paraphrase the rule expressed in *Gaver*, a pedestrian on a street or highway must use reasonable care to discover and avoid obvious defects or obstructions involving such street or highway. A pedestrian's failure to exercise reasonable care to discover and avoid an obvious defect or obstruction in the path or course traveled is, ordinarily, contributory negligence.

"Generally, one is contributorily negligent if (1) he breaches the duty imposed upon him by the law to protect himself from injury; (2) his actions concur and cooperate with actionable negligence of the defendant; and (3) his actions contribute to [his] injuries as a proximate cause." *Steinauer v. Sarpy County*, 217 Neb. 830, 836, 353 N.W.2d 715, 721 (1984). See, also, *Stephen v. City of Lincoln*, 209 Neb. 792, 311 N.W.2d 889 (1981).

Whether a pedestrian who walks on a street and falls as the result of the street's condition is contributorily negligent is, ordinarily, a question of fact. *Seitter v. City of St. Joseph*,

*supra; Faw v. North Wilkesboro*, 253 N.C. 406, 117 S.E.2d 14 (1960); *City of Miami v. Lawson*, 104 So. 2d 600 (Fla. App. 1958); *Mullis v. City of Miami*, 60 So. 2d 174 (Fla. 1952).

M.U.D.'s valve box was located in the curb lane of Dodge Street, in an area which Lynn admits was "very dark." According to her testimony, Lynn was walking on her usual course from her parking place to the Bell building, a route or path which she had previously taken and "walked over" the valve box in question. Lynn followed her usual course in crossing Dodge Street and took no steps for diversion from danger in the darkness on Dodge, where she encountered a hole which, as Lynn described, "was never there all the times that I had walked that path." The district court undoubtedly sought some explanation for Lynn's failure to observe the uncovered valve box and apparently concluded that Lynn's failure to see the hole was attributable to either a lack of light (the scene of the accident was "very dark") or Lynn's inattention while walking along a route she had traveled "for four years." Evidence supports either of the foregoing conclusions and supports a finding that Lynn failed to use reasonable or ordinary care for her own safety and, therefore, was contributorily negligent to a degree more than slight in comparison with M.U.D.'s negligence (which we have assumed, for the purpose of this appeal, but have not determined).

Under the circumstances, the district court's findings are not clearly incorrect. Therefore, we affirm the judgment of the district court.

AFFIRMED.