ROBERT D. KIMBERLING, BY AND THROUGH HIS FATHER AND NEXT FRIEND, DONALD KIMBERLING, APPELLANT, V. OMAHA PUBLIC POWER DISTRICT, APPELLEE.

408 N.W.2d 269

Filed June 26, 1987.   No. 85-708.

John D. Sykora of Law Offices of John D. Sykora, for appellant.

Joseph E. Jones and Mary Kay Pryor of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This tort action was brought by Robert D. Kimberling, a minor, by and through his father and next friend, Donald Kimberling. Further reference will be made only to Robert as plaintiff.

The action grew out of a collision between a motorcycle, driven by plaintiff, and a power pole installed and owned by the defendant, Omaha Public Power District (OPPD). The action sought damages for personal injuries, medical expenses, and property damage. OPPD counterclaimed for the cost of replacement of the power pole. The case was tried to the court without a jury under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983). Judgment was entered in favor of the defendant on plaintiff's claim, and in favor of the plaintiff on defendant's counterclaim.

Only the plaintiff appeals. Although plaintiff details four assignments of error, he simply recites that the court erred in finding that plaintiff was guilty of contributory negligence as a matter of law sufficient to bar his recovery.

The accident in question occurred on July 23, 1982, at approximately 9 p.m., in the vicinity of Stony Brook Boulevard near 144th Street in Omaha, Nebraska. Plaintiff was proceeding east on Stony Brook Boulevard at speeds which he admitted to be from 40 to 45 miles per hour. The speed limit at that point was 30 miles per hour.

According to plaintiff's direct testimony, he was proceeding down the street, glanced in his left rearview mirror, and then focused back on the road and hit the power pole.

The Omaha city ordinances provided at the time that power poles shall, where practicable, be set back 2 feet from the edge of the street. There is no question but that the pole at the time of the accident was located less than 2 feet from the edge of the street.

It was plaintiff's testimony that at the time of the accident, he was riding his vehicle approximately 1 foot from the outside edge of the street. He claims that the right handlebar of the motorcycle struck the pole, causing the accident and resulting injuries and damages.

However, the photographs of the subject pole disclose several dents and damage and black scuff marks at approximately the lower foot or two of the pole. Additionally, according to the testimony of the deputy sheriff who investigated the accident, he found no evidence of metal contact with the pole, which, in his opinion, ruled out any possibility that the handlebar had collided with the pole. Also, he testified that the black scuff marks on the pole corresponded to scuff marks on the tire of the motorcycle.

The deputy's testimony, supported by photographs, disclosed that the front wheel of the vehicle had been badly mangled and the front fork was askew, indicating that the collision had been between the pole and the front wheel of the motorcycle. Also, the deputy had found a tire scuff mark on the curb approximately 10 feet 8 inches from the light pole, which, from his observation, matched up with a corresponding scuff mark of the tire of the motorcycle. That testimony would support a conclusion that plaintiff drove up over the curb some 10 feet before the accident, causing him to lose control of his vehicle, causing the collision.

The trial court made no specific findings. Rather, it made only general findings in favor of the defendant on plaintiff's claim and in favor of the plaintiff on defendant's counterclaim. A district court's factual findings in a case brought under the Political Subdivisions Tort Claims Act, §§ 23-2401 et seq., will not be set aside unless such findings are clearly incorrect. *Lynn v. Metropolitan Utilities Dist., ante* p. 121, 403 N.W.2d 335 (1987). In a case tried without a jury, the court, as trier of the facts, is the sole judge of the credibility of the witnesses and the weight to be given to that testimony. *Lynn, supra.* In reviewing a judgment awarded in a bench trial, the Supreme Court does not reweigh evidence but considers the judgment in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Lynn, supra.*

Drivers of motor vehicles are obligated to maintain a proper lookout and have the duty to see what is in plain sight. *McKenzie v. Ladd Trucking Co.*, 214 Neb. 209, 333 N.W.2d 402 (1983). There was evidence from which the trial court could

have found that plaintiff failed to maintain that lookout in this case and that his failure to do so was the proximate cause of the collision and resulting damages, notwithstanding the negligence on the part of OPPD in *apparently* violating the city ordinance.

We cannot say that the judgment of the district court was clearly wrong. It was supported by competent evidence which the trier of fact was entitled to believe. Its judgment is affirmed.

AFFIRMED.