GWENDOLYN PELZEK AND VICTORIA HUBBARD, APPELLANTS, V.
THE AMERICAN LEGION, A CORPORATION, ET AL., APPELLEES.
463 N.W.2d 321

Filed November 30, 1990.   No. 88-748.

Kelle J. Westland, of Westland & Associates, P.C., and, on brief, Richard F. Welling and Alan M. Thelen, of Breeling & Welling, for appellants.

Eugene P. Welch, John W. Iliff, and Christopher J. Tjaden, of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellees American Legion and Pearson.

Joseph O. Kavan, of Kavan, Smart & Kampfe, for appellees Doepke and Dappen.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This was a suit for damages arising out of an automobile accident. The accident occurred on December 28, 1986, when an automobile operated by the plaintiff Gwendolyn Pelzek and owned by her mother, the plaintiff Victoria Hubbard, collided with a parked automobile. As a result of the accident the automobiles were damaged and Pelzek was seriously injured.

The petition alleged that before the accident, Pelzek had attended a party at The American Legion's Benson Post No. 112 Hall, which had been rented from the defendant The American Legion by the defendants Scott Doepke and Tim Dappen. The defendant Doyle Pearson was the manager of the Legion post's hall.

The petition further alleged that the party was open to the public and fees were charged for the consumption of alcohol. Pelzek was allowed to consume intoxicating liquors and

became physically and visibly intoxicated. After Pelzek left the party, and while she was driving the car owned by Hubbard, the car collided with a parked automobile. At the time of the accident Pelzek was a little over 18 years old.

The plaintiffs alleged that the defendants were negligent (1) in promoting the consumption of alcohol by a minor; (2) in failing to verify the majority of Pelzek; (3) in promoting the consumption of alcohol by a visibly intoxicated person; (4) in allowing Pelzek, a visibly intoxicated person, to leave the party and to operate an automobile; and (5) in permitting Pelzek to procure alcoholic liquor in violation of Neb. Rev. Stat. § 53-180 (Reissue 1988).

The defendants filed general demurrers to the petition which were sustained, and the action was dismissed. The plaintiffs have appealed. The sole assignment of error is that the trial court erred in sustaining the defendants' demurrers and dismissing the plaintiffs' cause of action.

The plaintiffs urge this court to recognize a minor's cause of action for common-law negligence against persons who provide the minor with intoxicating liquors subsequently causing an accident in which the minor suffers personal injury. They argue § 53-180, which prohibits the sale, gift, or procurement of any alcoholic liquors to or for minors or incompetents, supports a duty to protect these classes of persons from the harmful effects of alcohol.

Nebraska's liquor control act previously provided for dramshop liability in Comp. Stat. § 53-147 (1929). That act including the dramshop provisions was repealed in 1935 by the Nebraska Liquor Control Act, Comp. Stat. §§ 53-301 to 53-3,107 (Supp. 1935). This act, as amended, which is currently in effect, includes the § 53-180 prohibitions as stated above.

The repeal of the dramshop liability provisions was an expression of Nebraska public policy. The Legislature has not since reinstated dramshop liability.

In *Holmes v. Circo*, 196 Neb. 496, 499, 244 N.W.2d 65, 67 (1976), we stated:

> The present law prohibits the dispensing of intoxicating liquors to certain classes of persons, and is a comprehensive act to regulate the manufacture, sale, and

distribution of alcoholic liquors.

. . . [S]tatutes of this type do not create a civil remedy or impose a duty on the part of the bar or tavern operator toward injured third parties.

The plaintiffs in this case contend we should recognize a minor's common-law action for injuries he or she sustains by virtue of being served alcoholic liquors because "[t]he basis of the liability rests on the principle that any person who sells or distributes intoxicating liquors to a minor should be held accountable for their [sic] actions." Brief for appellants at 18.

The Legislature has provided how persons who sell or distribute intoxicating liquors to minors shall be held accountable for their actions. A violation of § 53-180 is a Class I misdemeanor, which is punishable by imprisonment for up to 1 year, by a $1,000 fine, or both. Minors who are in possession of alcoholic liquor in violation of Neb. Rev. Stat. §§ 53-180.01 to 53-180.04 (Reissue 1988) are also held accountable for their actions and are guilty of a Class III misdemeanor.

In refusing to recognize dramshop liability based on common-law negligence in *Holmes, supra* at 500-01, 244 N.W.2d at 68, we stated:

At common law, and apart from statute, no redress existed against persons selling, giving, or furnishing intoxicating liquor, or their sureties, for resulting injuries or damages due to the acts of intoxicated persons, *whether on the theory that the dispensing of the liquor constituted a direct wrong or constituted actionable negligence.* This rule was based on the theory that the proximate cause of the injury was the act of the purchaser in drinking the liquor and not the act of the vendor in selling it.

(Emphasis supplied.)

Although selling liquor to a minor is a violation of § 53-180, it is not the proximate cause of any injuries that the minor might suffer. It is the negligent operation of an automobile after the drinking of liquor which causes the injury.

The plaintiffs argue that § 53-180 should be interpreted as an exception to the rule against common-law dramshop liability because the statute creates a class of persons whose purchase of liquor is prohibited because of their inability to handle liquor

responsibly. In *Gora v. 7-11 Food Stores*, 109 Ill. App. 3d 109, 440 N.E.2d 279 (1982), the Illinois Court of Appeals rejected this argument and denied a common-law cause of action to a minor who was injured after being served alcoholic beverages in violation of a statute forbidding the sale of liquor to minors. The court determined that extending liability for the sale or gift of liquor beyond the limits provided by statute was a function of the legislature, not the court. This court has likewise determined that whether to extend dramshop liability is a policy decision that is best left to the Legislature. *Holmes v. Circo, supra*. See, also, *Schroer v. Synowiecki*, 231 Neb. 168, 435 N.W.2d 875 (1989); *Arant v. G. H., Inc.*, 229 Neb. 729, 428 N.W.2d 631 (1988).

The plaintiffs also argue that violation of § 53-180 should be evidence of negligence. This argument was addressed in the *Holmes* decision, and we concluded that the violation of the statute did not constitute evidence of negligence because "[t]o rule otherwise would thwart the intention of the Legislature." *Holmes, supra* at 504, 244 N.W.2d at 70. Our position on this issue has not changed since that decision. See *Schroer v. Synowiecki, supra*.

We are aware that other jurisdictions have extended dramshop liability to situations similar to that of the plaintiffs, but we do not believe that to be the better rule. We conclude that it is a question of public policy which is better left to the Legislature.

The judgment of the district court is affirmed.

AFFIRMED.

SHANAHAN, J., dissenting.

Under Nebraska's common law, are those who participate in commercial profit from the sale of an alcoholic beverage to a minor immune from liability for injury proximately caused by the minor's consumption of alcohol? In the majority's opinion, absence of an articulated answer is deemed the appropriate response to the question.

According to the majority, repeal of Nebraska's dramshop act in 1935 was an "expression of Nebraska public policy." Conspicuous by its absence is the majority's explanation of just how a positive expression of public policy emanates from the

nothingness of a legislative void. Nevertheless, there are two consequences from repeal of Nebraska's dramshop act. First, no Nebraska statute prohibits a cause of action for injury resulting from the sale of alcoholic beverage to a minor. Second, the Legislature, through repeal of the dramshop act, has withdrawn the statutory cause of action for sale of alcohol to a minor and has thereby returned the cause of action to the domain of Nebraska's common law.

Before an examination of current common law in Nebraska, one cannot overlook Neb. Rev. Stat. § 53-180 (Reissue 1988): "No person shall sell, give away, dispose of, exchange, or deliver, or permit the sale, gift, or procuring of any alcoholic liquors, to or for any minor or to any person who is mentally incompetent." Underlying the preceding statute is the Legislature's recognition that minors usually are ill-equipped to handle the deleterious effects from consumption of alcohol. This is not to say that the years beyond minority necessarily supply the ability to cope with problems from alcohol. Life teaches otherwise. Nevertheless, § 53-180 expresses the Legislature's awareness that there is potential harm and a social detriment inherent in a minor's consumption of alcohol, although implicit in the majority's opinion is the singular and isolated notion that there is nothing harmful in the sale of alcohol to a minor. Putting aside the public policy expressed in § 53-180, the question is whether the Pelzek-Hubbard petition states a cause of action under Nebraska's common law, that is, judicially enunciated law distinguished from law embodied in a constitution or legislative enactment.

Since the question in this appeal arises from a sustained demurrer,

> "[w]hen ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial."

*Security Inv. Co. v. State*, 231 Neb. 536, 538, 437 N.W.2d 439, 442 (1989). Accord *Parrett v. Platte Valley State Bank, ante* p.

139, 459 N.W.2d 371 (1990). Consequently, this court must accept the facts alleged in the Pelzek-Hubbard petition.

In *Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 851, 438 N.W.2d 485, 490 (1989), we stated: "For actionable negligence, there must be a defendant's legal duty to protect or not injure the plaintiff, a failure to discharge that duty, and plaintiff's damage proximately caused by such undischarged duty." Accord *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 428 N.W.2d 914 (1988). " 'Foreseeability is a factor in establishing a defendant's duty, or, as expressed by Justice Cardozo in *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 394, 111 N.E. 1050, 1054 (1916): "[F]oresight of the consequences involves the creation of a duty . . . ." ' " *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 173, 425 N.W.2d 872, 881 (1988). "To determine whether conduct constitutes negligence, the invariable standard is reasonable care, although reasonable care is directly proportional to the danger inherent in conduct and may vary depending on circumstances." *Lynn v. Metropolitan Utilities Dist.*, 225 Neb. 121, 126, 403 N.W.2d 335, 339 (1987). Accord *Prime Inc. v. Younglove Constr. Co.*, 227 Neb. 423, 418 N.W.2d 539 (1988). "The proximate cause of an injury is that cause which, in a natural and continuous sequence, unaccompanied by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Jensen v. Archbishop Bergan Mercy Hosp.*, ante p. 1, 9, 459 N.W.2d 178, 183 (1990). Accord *Zeller v. County of Howard*, 227 Neb. 667, 419 N.W.2d 654 (1988). "Determination of causation is, ordinarily, a matter for the trier of fact." *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 778, 408 N.W.2d 280, 285 (1987). Accord *Heiliger v. Walters & Heiliger Electric, Inc.*, ante p. 459, 461 N.W.2d 565 (1990).

If one's conduct, either an act or omission, constitutes an unreasonable risk of foreseeable harm to another and proximately causes injury to that other person, a negligence cause of action exists. Foreseeability, as a factor in causation, is usually a question for the fact finder and ordinarily is not a subject for judicial determination as a matter of law raised by a demurrer.

Long before the present appeals by Gwendolyn Pelzek and

Victoria Hubbard, this court enunciated the common-law principle that an owner of a vehicle may be liable for damages resulting from the owner's negligently lending or entrusting the vehicle to a driver known to be intoxicated. *Deck v. Sherlock*, 162 Neb. 86, 75 N.W.2d 99 (1956). In *Deck*, the court correctly concluded that the owner, by placing the vehicle's keys in the hands of a drunk driver, may be legally responsible for the accident caused by the drunk driver's operation of the vehicle. In the Pelzek-Hubbard case, we have a situation alleged wherein people placed alcohol in the hands of a minor who, having become intoxicated, later drove a vehicle which was involved in an accident. Thus, both *Deck* and the present appeal include conduct which placed an intoxicated person behind the wheel of a motor vehicle and the question whether that conduct constituted an unreasonable risk of foreseeable harm to another. In *Deck*, there was a cause of action; in the Pelzek-Hubbard case, according to the majority, there is no cause of action. The majority offers no legal basis and explanation for a different standard and disparate treatment between one who provides car keys to an intoxicated person who becomes a drunk driver and one who provides alcohol consumed by a minor who becomes a drunk driver.

The majority uses *Gora v. 7-11 Food Stores*, 109 Ill. App. 3d 109, 440 N.E.2d 279 (1982), to support the majority's position in the Pelzek-Hubbard appeal. In *Gora*, the court considered the Illinois Dramshop Act, Ill. Rev. Stat. ch. 43, para. 135 (1979), and whether one might maintain a cause of action based on common-law negligence notwithstanding the Dramshop Act. Although the Illinois court concluded that there was no common-law cause of action for injury caused by sale of alcohol to a minor, the basis for the *Gora* decision was the existence of the Illinois Dramshop Act, which preempted a common-law cause of action. Since Nebraska does not have a dramshop act, the *Gora* decision, being irrelevant to the question in the present appeal, is unpersuasive, to say the least. However, several courts throughout the United States have provided well-reasoned decisions, which are based on common-law principles concerning a cause of action for negligence and which support imposition of liability for

supplying an alcoholic beverage to a minor whose consumption of the alcohol results in injury; for example, see, *Haafke v. Mitchell*, 347 N.W.2d 381 (Iowa 1984); *Migliore v. Crown Liquors of Broward, Inc.*, 448 So. 2d 978 (Fla. 1984); *Sorensen v. Jarvis*, 119 Wis. 2d 627, 350 N.W.2d 108 (1984); *McClellan v. Tottenhoff*, 666 P.2d 408 (Wyo. 1983); *Morris v. Farley Enterprises, Inc.*, 661 P.2d 167 (Alaska 1983); *Walz v. City of Hudson*, 327 N.W.2d 120 (S.D. 1982); *Ono v. Applegate*, 62 Haw. 131, 612 P.2d 533 (1980); *Alegria v. Payonk*, 101 Idaho 617, 619 P.2d 135 (1980); *Miller v. City of Portland*, 288 Or. 271, 604 P.2d 1261 (1980); *Munford, Inc. v. Peterson*, 368 So. 2d 213 (Miss. 1979); *Trail v. Christian*, 213 N.W.2d 618 (Minn. 1973); *Adamian v. Three Sons, Inc.*, 353 Mass. 498, 233 N.E.2d 18 (1968); *Elder v. Fisher*, 247 Ind. 598, 217 N.E.2d 847 (1966); *Smith v. Clark*, 411 Pa. 142, 190 A.2d 441 (1963); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959). Thus, in reaching today's result, the majority is foundering in a doctrinal backwater out of the mainstream in current negligence law throughout the country. Cf. *Fuller v. Standard Stations, Inc.*, 250 Cal. App. 2d 687, 58 Cal. Rptr. 792 (1967).

The majority still feels that "dramshop liability" is "best left to the Legislature." As previously noted, the Legislature returned the "sale to a minor" cause of action to the common law of Nebraska, but this court deferentially leaves the cause of action to the Legislature. Consequently, the particular cause of action has become part of an Alphonse and Gaston act. Moreover, in *Arant v. G.H., Inc.*, 229 Neb. 729, 428 N.W.2d 631 (1988), the majority displayed the same sentiment notwithstanding the serious constitutional implications involved in such deference. The specific constitutional considerations are detailed in *Arant* (Shanahan, J., dissenting) and, therefore, will not be reiterated at this time. Suffice it to say that, under the Nebraska Constitution, the judiciary is the constitutional custodian of the common law in Nebraska, not the Legislature. The scope of common-law tort liability is traditionally a judicial, not a legislative, function. Yet, today this court has reached a result without any clear-cut expression of common law and, hence, has reached a result without a reason outside the legislative possibility of a statutory cause of

action. The issue is not whether the Legislature can, could, should, or even would statutorily provide a cause of action to supply a remedy for the harm caused by the conduct alleged in the Pelzek-Hubbard petition. Also, whether Gwendolyn Pelzek and Victoria Hubbard are entitled to recover is not an issue presented by their appeal. Rather, the appeal simply asks whether Nebraska's common law authorizes a cause of action on account of the conduct alleged. Both common law and common sense demand an affirmative answer to that question. Unfortunately, failure to recognize a cause of action in the Pelzek-Hubbard case turns Nebraska's living body of common law on negligence into a juridical corpse.

The district court's decision should have been set aside and the Pelzek-Hubbard action allowed to continue consistent with common law.

WHITE, J., joins in this dissent.