962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
David DAY and Pacemaker Driver Services, Inc., a foreign
corporation, Appellants,
v.
VALLEY SALES CO., a Nebraska corporation, d/b/a Big Valley
Lumber, Appellee.
 No. 91-2722.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 9, 1992.
Filed: May 5, 1992.
 
 Before McMILLIAN and HANSEN, Circuit Judges, and VAN SICKLE,* District Judge.
 PER CURIAM.
 
 
 1
 Appellants David Day, a truck driver, and Pacemaker Driver Services, Inc., Day's employer, sued appellee Valley Sales Company for injuries Day sustained when making a delivery to a warehouse of Valley Sales. The injury allegedly occurred when Day was trying to open the warehouse doors and a carton of folding chairs fell from a second story loft, striking Day on the head. The negligence action was tried to the jury on the theory of res ipsa loquitur.
 
 
 2
 The jury returned a verdict in favor of Valley Sales. The district court[1] denied appellants' motion for new trial. We affirm.
 
 
 3
 Appellants raise two arguments with respect to the instruction given to the jury regarding contributory negligence. First, appellants claim that the instruction was unsupported by the record. Second, appellants contend that the contributory negligence instruction misstated the law. Appellants objected to the jury instruction regarding contributory negligence on the basis that "sufficient evidence to warrant that instruction" did not exist. This objection preserved for appeal only the first issue and not the second. See Fed. R. Civ. P. 51. We reject appellants' first argument that the contributory negligence jury instruction was unsupported by the evidence. Evidence was presented that indicated Day may not have used reasonable care to discover and avoid the carton of folding chairs that fell on him. We find no error in the court's submission of the contributory negligence issue to the jury.
 
 
 4
 Although the second argument was not preserved for appeal, appellants argued at oral argument that it should be reviewed under the plain error exception. This exception is subject to an exacting standard. Christopherson v. Deere & Co., 941 F.2d 692, 694 (8th Cir. 1991). The plain error exception is limited " 'to the exceptional case where error has seriously affected the fairness, integrity or public reputation of judicial proceedings' and 'has contribute[d] to a miscarriage of justice.' " Id. (quoting Smith v. Honeywell, Inc., 735 F.2d 1067, 1069 (8th Cir.), cert. denied, 469 U.S. 1077 (1984), and United States v. Young, 470 U.S. 1, 16 (1985)). The alleged error is that the contributory negligence instruction misstated the law by placing an absolute duty on the plaintiff to discover and avoid the falling box of chairs. Under Nebraska law, the failure to exercise reasonable care in discovering and avoiding obvious dangers constitutes contributory negligence. Lynn v. Metropolitan Utils. Dist., 403 N.W.2d 335, 339 (Neb. 1987) (citation omitted). Reasonable care is measured in direct proportion to the danger inherent in the conduct and may vary depending on the circumstances. Id. (citations omitted). The challenged instruction states that the burden was on Valley Sales to prove "that plaintiff was negligent in failing to look for and avoid the box of chairs; and that this negligence on the part of plaintiff was a proximate cause of his own injury."[2] Although the challenged instruction overstates plaintiff's duty to protect himself from injury, the jury was further instructed that "[n]egligence is doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonably careful person would do under similar circumstances." Reading the jury instructions as a whole, we find no plain error.
 
 
 5
 The appellants also argue that the court erroneously allowed the untimely specification of the contributory negligence defense. In the pretrial order, the court required Valley Sales to file specifications with respect to the contributory negligence issue by October 1, 1990. No specifications were given by Valley Sales until May of 1991 during the instruction conference for the trial. In the instructions to the jury, the court specified Valley Sales' claim as alleging that "plaintiff himself was negligent in failing to look for and avoid the box of chairs." A pretrial order may be modified "only if there is no substantial injury or prejudice to the opponent." Glismann v. AT & T Technologies, Inc., 827 F.2d 262, 267 (8th Cir. 1987) (citation omitted); see Fed. R. Civ. P. 16(e). "Flexible application of pretrial orders is within the sound discretion of the court." Patterson v. F.W. Woolworth Co., 786 F.2d 874, 879 (8th Cir. 1986). Furthermore, allowing the trial court to exercise its discretion with respect to pretrial orders is consistent with the discretionary authority to allow amendments to the pleadings pursuant to Federal Rule of Civil Procedure 15. Wallin v. Fuller, 476 F.2d 1204, 1208-10 (5th Cir. 1973); see 6A Charles A. Wright, Arthur R. Miller, & Mary K. Kane Federal Practice and Procedure § 1527, at 290 (2d ed. 1990). The appellants were not prejudiced by the late designation of the specifications of appellee's contributory negligence defense because evidence of Day's alleged negligence was introduced without objection at trial and with the opportunity for rebuttal. We find that the court did not abuse its discretion in permitting the late specification of the contributory negligence defense.
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska
 
 
 [2]
 At oral arguments, the parties indicated that appellants objected at trial to the another aspect of the contributory negligence instruction. Initially, the instruction imposed a duty on the plaintiff to "look for, see, and avoid the box of chairs." The district court sustained appellants' specific objection to the word "see" and omitted the word "see" from the final instruction